Henderson, Judge.
 

 — It has long been settled by the decisions of our Courts, that if a parent puts property into the possession of a child who has left, or is about to leave the parent, such property is presumed to be given, and not loaned to the child, and therefore purchasers and creditors have subjected it to their claims, whatever may have been tiie private understanding of the parties.
 
 But this is a presumption of fact, and not of
 
 law. Clearly, therefore, between the parties, and all others, who cannot impute either legal pr actual fraud to the transaction, the true ¿haracter of the act may be shewn. In this case, (the contest being between the parties) it appears very satisfactorily from the testimony, that the slaves were
 
 *57
 
 oaned, and not given, they therefore remained the property of the wife’s father, and subject to his dispositions.
 

 The Defendant must therefore account for the hire and profits of the slaves, from the period his interest in them ceased, to wit, 18 years after the death ofhis wife’s father; and as it also appears, from the Defendant’s answer, that he has sold more than one-half of the slaves, those remaining in his possession must forthwith be delivered to the Complainants. As to the statute of limitations, relied on in the answer, there is no pretence for its operation, either in law or equity. The possession of the Defendant was that of a mere bailee; notwithstanding his declarations that he claimed them as his own, he could not, by his own act, throw off his character of bailee. In ascertaining the character in which he received and held the negroes, it is not material that he should have been informed that the slaves were loaned, and not given, for he came to the possession
 
 as husband,
 
 the loan being made to the wife, at least she was the meritorious cause of it, and she had full knowledge. — The Defendant must also pay the costs; for although the bill was filed before the expiration of the eighteen years, yet Complainants had just grounds to apprehend a farther waste of the property from the previous conduct of the Defendant, admitted by his answer.
 

 Per curiam.
 

 — Decree accordingly.