Dante!, Judge.
 

 The point of law raised
 
 in this
 
 case, has been decided by the court in favor of the plaintiff in the two cases of
 
 Whitaker
 
 v.
 
 Whitaker, (ante
 
 1
 
 vol. p.
 
 310,) and
 
 Granbury
 
 v.
 
 Mhoon.
 
 (Ib. 456.) In these cases, the court said that the possession of the owner of slaves is not disturbed .by the hiring — that the occupancy of the hirer is consistent with it, and does not divest it. The hirer is a mere bailee or
 
 locum tenens
 
 for the owner, and only holds the property for her. It is not changed from a
 
 chose
 
 in possession, to a
 
 chose
 
 in action. The owner has such a possession that she may, if of age sufficient, either sell or give the property, and it would pass. ’The marriage therefore was a complete gift of the individual share of
 
 Harriet
 
 in the slaves in question to her husband; and that share was vested in possession, as well as in right in him.
 
 Harriet
 
 and the other defendants being tenants in common of the slaves, did not alter the case, for the possession of one tenant in common of a chattel, is in law, (he possession of all the tenants in common.
 

 The opinion of this court is, that an undivided part of the slaves mentioned, belong to the plaintiff as administrator, and that he lias a right to have partition of them in this way, by virtue of a late act of Assembly. We are of opinion that the interlocutory order of the Supe-
 
 *514
 
 Hor Court was correct, and order it to be so certified to the Superior Court of law of Chowan county, and that court will proceed in the case to a final judgment.
 

 Per Curiam. — Order affirmed.