Daniel, Judge,
 

 having stated the case as above, proceeded :—
 

 The plaintiffs seek to make the defendants their trustees by operation of Jaw, and by a decree of this court. The defendants rely upon the statute of limitations, nearly ten years having elapsed since they obtained the warrant and assigned it, to the time of filing the bill. As respects
 
 trusts,
 
 the distinction in equity is, that if the trust be constituted by act of the parties, the possession of the trustee is the possession of the
 
 cestui que trust,
 
 and no length of possession as such will bar; but if a party is to be consti
 
 *327
 
 tuted a trustee by the decree of a Court of Equity, founded on fraud, or the like, his possession is then considered adverse, and the statute of limitations will run and be a bar.
 
 Hovenden
 
 v.
 
 Lord Annesley,
 
 2 Sch. & Lef. 633.
 
 Cholmondely
 
 v.
 
 Clinton,
 
 1 Tur. & Russ. Rep. 118, 119; 1 Chit. Prac. 759. As to the plaintiffs who were
 
 femes covert
 
 at the filing of the bill, but who are not shown to have been
 
 covert
 
 when the defendants obtained the warrant and made the assignment, the rule is, that when issue is taken on the plea of the statute of limitations, that the cause of action did accrue within a. certain time, the burthen of proof lies on the plaintiff, and he must prove a cause of action within the limit.
 
 Hurst
 
 v.
 
 Parker,
 
 1 Bar. & Ald. 92; 2 Stark. Ev. 888. When it is incumbent on a plaintiff to prove that he laboured under a disability, which exempts him from the operation of the statute of limitations, he must show that it was a
 
 continuing
 
 disability from
 
 the
 
 first; for it seems to be a general rule, that where such a statute has once began'to run,‘no subsequent disability will restrain its-progress. 2 Stark. Ev. 901; 4 Term Rep. 309; 1 Stra. 566. The cause of action in this case arose in the year 1821: the bill was filed ten years after, viz. in the year 1831; at which latter period two of the plaintiffs
 
 were femes covert;
 
 but that they were so in the year 1821, there is no proof produced by the plaintiffs, on whom the
 
 onus
 
 lies: the statute of limitations therefore bars the claims of each and all the plaintiffs, and the bill must be dismissed, but without costs.
 

 Per Curiam. Bill dismissed.