Daniel, J.
 

 Maxwell Chambers, the father of the plaintiff, bequeathed as follows: “I give and bequeath to my son, Edward Chambers, as trustee of my daughter, Anne Chambers, (wife of Henry Chambers,) the following negroes: Beck, <fcc. to have and to hold to my said son, Edward, in trust, and for the benefit of my daughter, Anne Chambers, and her heirs forever. It is my wish and request that my son Edward will pay over to my daughter Anne, the profits arising from the said negroes, semi-annually, for her support and comfort.” In a codicil to the will, the testator says, “My intention in the devise of the five negroes, to-wit, Beck, &c# to my son, Edward Chambers, as trustee of my daughter, Anne Chambers, is this: I give the five negroes, to-wit, Beck, &c. to Edward Chambers to hold in trust, and for the
 
 sole benefit
 
 of my daughter Anne, to support her during her life, with the profits arising from the labor and hire of the said five negroes, and their increase. And if my daughter Anne should have lawful issue living, at the time of her death, then I devise and order that the said Edward Chambers, trustee of my said daughter Anne, shall deliver and convey absolutely, at the death of my said daughter, the said five negroes and increase, to the said lawful issue of my said daughter Anne, living at the time oí her death. And if my daughter, Anne Chambers, should die without having issue, that then my son Edward shall convey the said five negroes and increase in equal shares to my heirs, or shall sell the negroes and divide the money in equal proportions among my heirs.” Henry Chambers died, and his widow, the said Anne, married George Miller. The trustee died, and George Miller Was appointed trustee by the Court of Equity, and took into his possession the said slaves. George Miller then died, and the defendants are his executors. Anne, the widow, claiming as
 
 cestui que trusty
 
 has filed this bill, for an ac
 
 *425
 
 count of the rents and hires ofthe said slaves, since the death of Miller, her last husband. The defendants have answered and claim the rents and hires of the negroes, as belonging to the estate of their testator.
 

 That the slaves were well settled by the will to the' separate use of Anne Chambers, and excluded any right of her then husband (Henry Chambers) is very clear.
 
 Davis v. Cain,
 
 1 Ired. Eq. Rep. 304.
 
 Rudisill
 
 v.
 
 Watson,
 
 2 Dev. Eq. Rep. 430. But there is nothing in the will of Maxwell Chambers to shew, that he anticipated a second marriage of his daughter, and he did not attempt to provide against such a contingency. The equitable interest in the slaves was given to the plaintiff for life. In this court the trust in a thing is the estate in that thing. The plaintiff, therefore, had a right to make an assignment of her interest in the slaves; on her second marriage, therefore, her interest passed to her husband. The second husband took the slaves into' his possession. If, however, he had not taken them into his actual possession, and they had been in the possession of any other trustee under the will, still such a possession would not have been adverse to the husband; for the actual possession of the trustee is but considered as that of theperson beneficially entitled; indeed the estate of the trustee exists entirely for the benefit of the
 
 cestui que trust.
 
 Where the trust is express, as in this case it is, there can be no adverse possession between the trustee and
 
 cestui que trust.
 
 It is not,, however, of course, to divest the trustee of the management ofthe trust property, and to" deliver the possession to the
 
 cestui que trust
 
 for life. It must depend on the intention of the settlor, or him, by whom the trust was created.
 
 Tidd
 
 v.
 
 Lister,
 
 5 Mad. Rep. 429;
 
 Dick
 
 v.
 
 Pitchford,
 
 1 Dev. & Bat. 480. A chose in the possession of the trustee of the'
 
 feme,
 
 therefore, is not a
 
 chose in
 
 action,- but it is a chose in-possession, and will on her marriage (if a chattel) pass to her husband.
 
 Granbery
 
 v.
 
 Mhoon,
 
 1 Dev. 456;
 
 Pettijohn
 
 v.
 
 Beasley,
 
 4 Dev. 512. A trust is not, as it was formerly held, a
 
 chose in action,
 
 but a present interest, an estate in possession.
 
 Mitford
 
 v.
 
 Mitford,
 
 9 Ves. 98, 99;
 
 Burgess
 
 v
 
 Wheats,
 
 1 Eden. 223, 224. Lewin on Trusts, 523. The
 
 *426
 
 circumstance of the trustee being directed to pay the rents and hires
 
 semi-annually does
 
 not alter the case. In
 
 Benson
 
 v.
 
 Benson,
 
 9 Cond. Ch. Rep. 201, the testator directed the interest of £ 10,000 to be for the separate use
 
 of
 
 his daughter Jane Lane, the wife of J. Lane, for her life, free from the debts of her husband, to be paid to her at the end of every six months. The husband died and his widow married again.
 
 Held,
 
 that the trust for her separate use ceased on the death of her first husband, and that the second husband was entitled to the interest. The same doctrine was laid down by the court in
 
 Knight
 
 v. Knight, (9 Eng. Cond. Ch. Rep. 199. These two cases are decisive against the plaintiff on all the points in the case. The bill must be dismissed with costs.
 

 Per Curiam, Bill dismissed with costs.