Ruffin, C. J.
 

 This is a bill for an account of the hires of a number of slaves and a division of the slaves, and that the plaintiff may receive one fourth part of the hires and slaves. The cause was set for hearing upon the bill and answers, and transferred to this court. Upon the pleadings the ■case appears to be as follows:
 

 Levin Caulk died intestate, leaving a widow and three infant children, of whom one was a daughter, Elizabeth, who afterwards intermarried with Ross, the intestate of the plaintiff. The defendant, Doak, administered on the estate
 
 *349
 
 of Caulk, and, after discharging the debts, held the slaves in question, subject to distribution among the widow and three children. He then became the guardian of the children in the year 1840, and by the assent of the widow the negroes remained undivided, and he, Doak, hired them out for the year 1841, for the benefit of the widow and his wards, and took bonds for the hire, payable to himself as guardian. During the year 1841, Ross intermarried with Elizabeth, then, and still añ infant, and in the beginning of 1842, it was agreed between Ross and the guardian, that the r.egroes should not then be divided,butthat Dock should again hire them for the benefit of the owners, and take the bonds payable to himself as before. Under that agreement Doak hired out the negroes for the year 1842, when Ross himself hired one of them and gave his bond therefor to Doak, as other persons did. Within the year 1842 Ross died intestate, and the plaintiff became his administrator and filed this bill against Doak, Mrs. Ross, Mrs, Caulk and the other two children. Upon those facts the defendants raised the objection, that the husband did not reduce the negroes into his possession, and that upon his death they survived to Mrs. Ross.
 

 The facts of this case are so precisely those of
 
 Petlijohn
 
 v
 
 Beasley,
 
 4 Dev. 512, that, independently of the agreement of Ross to the hiring of 1842, that case is decisive of this. But that agreement makes it still plainer ; for, as to the share of his wife, it made Doak the husband’s agent to make the hiring. It was faintly argued, that giving his bond for the hire of one of the slaves made a difference. But it certainly does not; for it is nothing more than one tenant in common hiring a part of the common property, and givinga security therefor to a common trustee for all the parties. The plaintiff must then have the decree he prays.
 

 Pjeb. Curiam. Decree for the plaintiff.