## McDANIEL *vs.* WHITMAN, GUARDIAN, &c.

1. Where the late husband of a deceased wife propounds his interest and moves the Orphans' Court for a decree against her guardian for a sum of money in his hands, which belonged to his ward, a denial of the motion is such a final order as will support a writ of error.

2. Money of a female ward in the hands of her guardian must be considered as in her possession, and, as upon marriage the legal existence of the wife is merged in that of the husband, the possession is by operation of law transferred to him, and his marital rights thereupon immediately attach.

Error to the Orphans' Court of Perry.

THE defendant in error as guardian of Nancy Cross, received from the clerk of the Orphans' Court of Perry a sum of money as the distributive share of the estate of his ward's mother. The ward intermarried with the plaintiff in error, McDaniel, and died before she arrived at the age of twenty-one, and without any thing being done to reduce the money in the guardian's hands to the *actual* possession of the husband. After the death of the ward, the guardian was called to a settlement in the Orphans' Court, when the plaintiff in error moved the court for a decree in his favor against the guardian for said sum of money. The court denied the motion, and ordered that *scire facias* issue to the legal representatives of the said Nancy, when known, and that the settlement of said account be continued. This judgment is now assigned as error.

GARROTT, for plaintiff:

1. A writ of error lies in this case—Clay's Digest, 297, § 4; Harrison, et al. *ex parte*, 7 Ala. Rep. 736.

2. The possession of the money by the guardian was the possession of the ward, and on her marriage with McDaniel, this possession became in law, the husband's possession.— Magee v. Toland, 8 Porter, 36.

3. As the right to the money was thus vested in the husband, and as the Orphans' Court had jurisdiction of the fund, McDaniel was a proper party to the proceedings before the Orphans' Court, and a decree should have been rendered in his favor. Ex'rs of Sankey v. heirs of Sankey, 6 Ala. Rep. 607, where a decree was rendered in favor of the administrator of a deceased wife, the property not having been reduced to possession by the husband.

4. As all the facts necessary to an ascertainment of the rights of the parties appear in the record, and are uncontroverted, the plaintiff in error submits that he is entitled to have a decree in this court, for the amount due to him from the defendant in error.

No counsel for defendant.

CHILTON, J.—The judgment of the Orphans' Court, which determines that the plaintiff in error shall take nothing by his motion, made upon the propounding of his interest as the husband of Nancy, who was the ward of Whitman, we must regard as a final order, from which a writ of error will lie. It is certainly conclusive upon the rights of the husband, and decisive of his claim to the monies due, in right of his wife, from the defendant in error. The statute authorises an appeal or writ of error to the Circuit or Supreme Court, from any judgment or order final made by the County or Orphans' Court, whether in vacation or term time—Clay's Digest, 297 § 4, and we think the case at bar comes within both its letter and spirit.

The only question raised by the record is—is the husband entitled to monies in the hands of the guardian of the wife after her death, which he had never recovered or had in his *actual* possession during the existence of the coverture? According to repeated decisions of this court, the husband is not

entitled to the wife's choses in action, unless he reduces them to possession during the coverture; nor can he by administering upon her estate, after her decease, entitle himself to them, but they go to her distributees. Bibb v. McKinley, et al. 9 Porter, 636, and authorities cited.

It was, however, decided by this court, some ten years since, that the possession of personal property by the wife's guardian, must be considered the possession of the wife, and as upon the marriage of the ward, her legal existence becomes merged in that of her husband, the possession by *operation of law* is *eo instanti* transfered to the husband, and requires no further act on his part, to vest his marital rights—McGehee v. Toland, 8 Porter, 30. True, that case involved a controversy in respect to a slave, which had gone into the guardian's possession, but I can see no difference, so far as respects the application of the rule, between one description of personal property and another. The constructive possession of the husband, by virtue of which his marital rights attach, arises out of the relation in which the guardian stands toward him, as well in respect to the money, which the guardian has received, as to the slave. As to both, the possession of the guardian must be regarded as the husband's possession, and upon the final settlement of the account, the husband, who has survived his wife, must be considered as the person entitled. See the cases refered to in McGehee v. Toland, *supra*, and also Miller v. Bingham, 1 Iredell's Eq. Rep. 423; Bates v. Dandy, 2 Atk. Rep. 207; Jarman v. Wollatten, 3 Term. 620.

The judgment is consequently reversed, and the cause remanded.