FOWLER v. McLAUGHLIN.

(Filed October 28, 1902.)

GUARDIAN AND WARD—*Limitations of Actions—Husband and Wife—Acts 1899, Chap. 78.*

> Where, on marriage of a ward in 1865, the possession of her personal property by the guardian was in law transferred to the husband, the statute of limitations began to run against the right of action against the surety on the bond of guardian at the time of the marriage.

ACTION by the State on the relation of Eunice Fowler and another against C. R. McLaughlin, administrator of Joseph McLaughlin, heard by Judge *Thos. A. McNeill,* at March Term, 1902, of the Superior Court of UNION County. From judgment for the plaintiffs, the defendant appealed.

*Redwine & Stack,* for the plaintiffs.
*Jones & Tillett,* and *Shepherd & Shepherd,* for the defendant.

CLARK, J.  Charity Hasty qualified as guardian of the *feme* plaintiff, April, 1864, the defendant's testator being surety on her guardian bond in the sum of $300.  The complaint alleges that she "took into possession various sums of money and other property of her said ward," and died 21 November, 1867, without having made any return or final settlement as guardian.  Her administrator made due advertisement for creditors and settled her estate.  The defendant's testator, surety on said guardian bond, died August, 1893, the defendant qualified as his executor, and on 24 August, 1893, advertised according to law for creditors to present their claims, and plaintiff's claim was not presented within twelve months, nor within seven years thereof.  The *feme* plaintiff was married July, 1865, before she was sixteen

years of age, and has been continuously ever since a *feme covert.* The defendant pleads the various statutes of limitations. The plaintiffs, to repel the bar of the statute, rely upon the disability of coverture.

As the law stood at the time of the marriage (1865), the guardianship of the female ward ceased upon her marriage, because "the husband became the owner of all her personal property in the hands of the guardian, and seized in her right of all her real estate," says Gaston, J., in *Shutt v. Carloss,* 36 N. C., at page 238. Tiffany Dom. Rel., Sec. 186 (d), and cases cited, note 10. The personalty became *eo instanti* his property, for the possession of the guardian was the possession of the ward, and the law transferred the possession to the husband. It was in law "reduced to possession." *Pettijohn v. Beasley,* 15 N. C., 512; *Miller v. Bingham,* 36 N. C., 423, 36 Am. Dec., 58; *Stephens v. Doak,* 37 N. C., 348; *Caffey v. Kelly,* 45 N. C., 48; *Ferrell v. Thompson,* 107 N. C., 420, 10 L. R. A., 361; *McDaniel v. Whitman,* 16 Ala., 343, which was as to money of the ward received by the guardian; *McGhee v. Toland,* 8 Porter (Ala.), 30. The husband could, therefore, at once have brought his action in 1865 to recover the possession of the property of every description in the hands of the guardian, or the value thereof if converted, for it became absolutely his upon the marriage, and this action has long since been barred. In 15 Am. and Eng. Enc. (2d Ed.), 822, where the cases are collected, it is shown that as to the possession of the wife's agent, trustee, bailee, guardian, or any other person not holding adversely, such possession became the possession of the husband, and this rule applies to money possessed by third persons, as well as to other chattels; and such personalty goes, under the above decisions, if the husband die before recovery of possession, to his personal representative, and not to his wife. But the possession of an executor or administrator was not the possession of the

husband as to any interest in the estate belonging to the wife. That is a chose in action which belonged to the husband only when he reduced it to possession.

It has been suggested that a part of these assets in the hands of the guardian may have been choses in action, and, if so, the husband, not having reduced them to possession, should he die before doing so (and within three years from the enactment of chapter 78, Laws 1899), the wife could bring this action. *O'Connor v. Harris,* 81 N. C., 279. To this, it may be observed (1) that this action is necessarily by the husband in his own right; *Morris v. Morris,* 94 N. C., 613; *Benbow v. Moore,* 114 N. C., 263, and is barred, whatever might be the case as to an action by the wife if the husband has died and the wife has brought her action before the expiration of three years since the enactment of chapter 78, Laws 1899. (2) The complaint avers only the receipt by the guardian "of various sums of money and other property belonging to her said ward, the exact amount of which plaintiffs can not state." Nothing indicates that any part thereof consisted of choses in action, but, if it did, the guardian's possession of them was the ward's possession, which the law transferred to the husband, and, *as against the guardian,* the husband and the husband alone was and is entitled to recover them, or the value thereof if converted, and such action is barred, for thirty-seven years have elapsed. If the husband had received possession of any choses in action from the guardian, then, as *against the debtor* therein, he would be entitled only if he reduced the same to possession by collection thereof, and if he had failed to do so and had died, the wife could maintain an action thereon, if brought before she has become barred under the Act of 1899, above referred to.

It was error not to hold upon the facts agreed that this action is barred by the statute of limitations.

Reversed.

MORRIS *v.* INSURANCE CO.

DOUGLAS, J. I concur in the result only, but can not concur in the second part of the opinion, which seems to me unnecessary to a determination of the case.