J. W. ROUSE v. E. R. ROUSE, Trustee.

(Filed 5 November, 1914.)

1. **Trusts and Trustees—Active Trusts—Title—Execution Sales—Statute of Uses.**

A trustee created by deed for the purpose of collecting rents and profits from lands and paying them over to the *cestuis que trustent* named in the conveyance is a trustee of an active trust, which is not executed by the statute of uses, and during the continuance thereof the interests in the lands of one of the *cestuis que trustent* may not be sold under execution of a judgment obtained against him, the title to and the possession of the land necessarily being in the trustee.

ROUSE v. ROUSE.

**2. Trusts and Trustees—Active Trusts—Title and Possession—Execution Sales—Trustee a Purchaser—Limitation of Actions.**

   Where the wife of the grantor is to share in the rents and profits of certain lands, to be held in trust, with his children, and at her death the lands to be divided between his children; and during the lifetime of the wife a personal judgment is obtained against one of the children and his interest in the lands is sold under execution of the judgment and purchased by the trustee named in the deed, who immediately declares his possession of said interest in his own right, and so notifies the judgment debtor, the sale of such interest is void, and the latter having no present right to the possession of his interest in the land, the title and possession being in the trustee for the purposes of the trust, the statute of limitation will not run in favor of the trustee, his possession being also the possession of all of the *cestuis que trustent.*

APPEAL by defendant from *Whedbee, J.,* at June Term, 1914, of LENOIR.

Civil action. The plaintiff moved for judgment upon the pleadings. His Honor rendered judgment that the plaintiff be declared the owner of a one-tenth undivided interest in and to the land described in the pleadings, and that the defendant, trustee, be directed to convey said interest to the plaintiff by good and sufficient deed, the court being of the opinion that the plaintiff is the owner of a one-tenth undivided interest in and to said land and that he is entitled to a conveyance thereof. The judgment further directs that an accounting be had between the plaintiff and defendant with respect to the rents and profits of the land.

From this judgment the defendant appealed.

*Harry Skinner and Albion Dunn for plaintiff.*
*Loftin & Dawson and L. R. Varser for defendant.*

BROWN, J. The facts alleged in the complaint and admitted in the answer appear to be as follows: On 13 January, 1887, W. J. C. Rouse and wife, Martha Rouse, executed and delivered to their eldest son, E. R. Rouse, the defendant herein, a deed for the tract of land described in the pleadings upon the following trusts, towit: "That the said E. R. Rouse shall have and hold the said granted premises for the use and the benefit of said W. J. C. Rouse and his wife, Martha Rouse, upon the following conditions: That the said E. R. Rouse shall rent and lease the said land, and pay out the rents and profits thereof to the said W. J. C. Rouse during his lifetime, and in the event that he die, leaving his wife surviving, then and in that event the said E. R. Rouse shall pay to her, the said Martha Rouse, the sum of $100 annually out of the rents and profits of the lands in lieu of her dower; the residue of the rents and profits he shall pay over and distribute pro rata among the heirs of W. J. C. Rouse; that upon the death of the said W. J. C. Rouse and his wife, Martha, the

167—14

said E. R. Rouse shall convey the said land to the heirs of W. J. C. Rouse in fee simple. The heirs shall share and share alike, except E. A. Rouse, who shall first account for 30 acres heretofore deeded him by his father; that the said W. J. C. Rouse and wife, Martha Rouse, shall have the use and occupancy of the dwelling-house during their natural lives."

On the day of the delivery of said deed the said W. J. C. Rouse had ten children, one of whom is the plaintiff in this action. W. J. C. Rouse died 22 November, 1887, leaving his wife, Martha Rouse, surviving, who died on 30 May, 1905.

On 21 January, 1885, a judgment was rendered in Lenoir County in favor of George B. McCotter v. the plaintiff in this action, in the sum of $93.34. On 29 March, 1889, after the death of W. J. C. Rouse, and during the lifetime of Martha Rouse, execution was issued on said judgment. The interest of the plaintiff J. W. Rouse was levied on and sold under execution, and purchased by the defendant E. R. Rouse, the trustee in said deed in trust.

Immediately upon the execution of the trust deed by W. J. C. Rouse in 1887, the trustee, E. R. Rouse, went into possession of the lands described therein, and has been in possession ever since. Shortly prior to the commencement of this action the plaintiff, who is entitled to a one-tenth interest in said lands, made demand upon the defendant to convey to him his interest therein according to the terms of the trust deed, and to account for the rents and profits. The trustee refused said demand.

These facts appearing to be clearly admitted in the pleadings, we think his Honor was correct in granting to the plaintiff relief demanded in the complaint. The defendant acquired no title to the interest of the plaintiff at the execution sale, for the reason that his interest was not subject to sale under execution.

The defendant was the trustee of an express trust, which trust was not a passive, but an active trust. He held the lands in trust after the execution of the said deed for the purpose of collecting the rents and profits and paying them over to the beneficiaries named therein. It was evidently the intent of the grantor in the deed that the legal title should remain in the trustee in order that he might execute the uses designated. He could not execute such uses without retaining the legal title, as well as the actual possession of the land.

The trust, being active, is not executed by the statute of uses, and the lands, therefore, are not subject to execution sale, issued on a judgment debt of one of the *cestuis que trustent.* These principles are settled by a multitude of authorities: *Lummus v. Davidson,* 160 N. C., 484; *Tally v. Reid,* 72 N. C., 339; *Love v. Smathers,* 82 N. C., 372; *Everett v. Raby,* 104 N. C., 480; *Gorrell v. Alspaugh,* 120 N. C., 367; *May v. Getty,* 140

N. C., 320; *Hicks v. Bullock,* 96 N. C., 164; Tiedeman on Real Property, sec. 494; Lewin on Trusts, vol. 1, p. 210; *Perkins v. Brinkley,* 133 N. C., 158.

It is plain, therefore, that the defendant acquired no title to the interest of the plaintiff in the land under the execution sale; and this would be true even had the defendant not occupied a fiduciary relation to the plaintiff. But the defendant insists that the action is barred by the statute of limitations, and that he has acquired title to the plaintiff's one-tenth interest in the land by adverse possession.

The defendant avers that immediately after the execution sale he offered to the plaintiff to reconvey to him upon repayment of the amount paid out, with interest thereon, and the plaintiff refused to accept the said offer, and that thereupon the defendant notified the plaintiff that he would hold the plaintiff's interest in the land discharged of any trust or equity in the same. This would not put the statute of limitations in motion as against the plaintiff's rights. The defendant's possession in the land was not by any right or title of his own, but by virtue of his fiduciary relation as trustee under the deed in trust, and that fiduciary relation would continue until the trust is fully discharged.

As between a trustee and *cestui que trust,* in the case of an express trust, the statute of limitations has no application, and no lapse of time constitutes a bar. The relation of privity between the parties is such that the possession of one is the possession of the other, and there can be no adverse claim or possession during the continuance of the relation. The statute of limitations will never commence to run in favor of the trustee of an express trust against the beneficiary thereof before the duties of the trust have been fully performed and the trust has terminated.

There are some exceptions to this rule, and there may be conditions which would put the statute in motion, but nothing of the sort is set out in the answer in this case. At the time this alleged offer was made, Martha Rouse was living and the defendant was in possession of the land under the terms of the deed in trust for the purpose of collecting the rents and profits and distributing them as therein provided. His attempted acquisition of the plaintiff's interest under execution sale and his attempted repudiation of the trust was a nullity, and had no effect to set the statute of limitations running at that time. His possession continued under the terms of the trust to be the possession of all of the *cestuis que trustent. Miller v. Bingham,* 36 N. C., 423.

It is an invariable principle of equity jurisprudence that a trustee cannot derive any profit or advantage from the sale of the trust property committed to his guardianship, and all of the advantages which he might thus improperly acquire result to the benefit of the real beneficiaries of the trust.

Besides, in the case at bar the plaintiff had no right to demand a conveyance, and had no cause of action against the defendant until after the death of his mother, Martha Rouse, in May, 1905.

The judgment of the Superior Court is

Affirmed.