SOUTHERN SPRUCE COMPANY v. A. H. HAYES AND J. J. ENLOE.

(Filed 24 May, 1915.)

**Reference—Report—Confirmation by Court—Pro Forma—Appeal and Error.**
 Where the referee's findings of fact are supported by evidence and approved by the court, they are not reviewable on appeal; and where it appears that the court refers *seriatim* to the findings of fact and conclusions of law of the referee and adopts them, it is not open to objection that he has done so *pro forma*, for he is not required to state his reasons therefor.

APPEAL by plaintiff from judgment rendered by *Justice, J.,* at chambers, 30 December, 1914; from SWAIN.

Action of trespass for damages for the wrongful cutting of timber upon certain lands described in the pleadings. The defendants not only denied the plaintiff's title, but pleaded a counterclaim for damages sustained by them by reason of the wrongful issuing of an injunction. The cause was pending in the Superior Court of Swain County and at March Term, 1914, was referred to a referee by consent. The referee made his report and the plaintiff filed exceptions. These exceptions were heard by *Justice, J.,* at chambers, 30 December, 1914, who confirmed the report of the referee and entered judgment in favor of the defendant against the plaintiff for the sum of $500 damages and the costs of the action, including the fees of the stenographer. The plaintiff appealed.

*Lucky & Andrews, Frye, Gantt & Frye for plaintiff.*
*Felix E. Alley, Thurman Leatherwood, Morgan & Ward for defendant.*

PER CURIAM. It was very earnestly contended upon the argument that the learned judge did not review the findings of fact made by the referee, but adopted them *pro forma* without examination. We find nothing in the record to justify such contention. The judge of the Superior Court is not obliged to write out his reasons for adopting the findings of fact made by a referee.

In this case the fourteen findings of fact seem to have been considered by the judge and affirmed and adopted by him *seriatim*. The ten conclusions of law reached by the referee are also specifically numbered and affirmed by the judge. This case involves purely questions of fact, and the facts being found, the conclusions of law naturally follow.

The main contention was as to the location of a maple corner, represented on the official map by the black figure "6" and the red figure "6"; the plaintiff contending that it was correctly located at the black figure "6" and the defendants contending that it was located at the red figure "6," which last place was designated on the map as the maple at the Broom place. The referee found the facts as contended for by the defendants, and there is abundant evidence to sustain such findings.

As said in another case, *McCullers v. Cheatham,* 163 N. C., 63 : "The misfortune of the defendants (the plaintiff in the case at bar) in this case is that the referee has found all the essential facts against them, and when these findings were reviewed and approved by the judge, upon consideration of the report and exceptions, there being evidence to warrant them, we are precluded from changing the report in this respect, but must decide the case upon the findings of fact as made by the referee and approved by the court. . . . We will not review the referee's findings of fact, which are settled, upon a consideration of the evidence, and approved by the judge, when exceptions are filed thereto, if there is some evidence to support them."

Affirmed.