PERCY McGEORGE v. F. F. NICOLA ET AL.

(Filed 14 March, 1917.)

1. **Reference—Independent Findings—Evidence—Appeal and Error.**
   The referee's findings of fact, upon legal evidence, approved and accepted by the court, and the court's independent findings of fact, upon legal evidence, are not reviewable on appeal.

2. **Reference—Exceptions Sustained—Evidence—Greater Weight—Appeal and Error—Presumptions.**
   Where an action to recover lands, involving the location thereof under State's grants, is referred, and the judge sustains plaintiff's exceptions to the report, which states the facts on which they are based, it will be presumed that the judge found the statement of facts as true, by the greater weight of the evidence; and where there is supporting evidence, his action is not reviewable on appeal.

CIVIL ACTION, from McDOWELL, heard by *Justice, J.,* at chambers by consent, 23 March, 1916, upon exceptions to the report of a referee.

*Pless & Winborne and S. J. Ervin for plaintiff.*
*W. B. Councill, Avery & Ervin for defendants.*

PER CURIAM. Plaintiff sued for the recovery of a large body of land, containing about 10,000 acres, claimed under several grants from the State. The defendants denied the plaintiff's title, which involves the

question of the location of the several State grants and mesne convey-
ances which cover the *locus in quo*. After the pleadings were filed and
the issues were raised, the case was by consent referred to Hon. W. D.
Turner of Statesville, N. C., and after taking evidence and hearing
counsel for both plaintiff and defendant, the referee, on 25 November,
1915, filed his report, which is set out in the record. The plaintiff filed
exceptions to the report of the referee, both as to the findings of fact
made by him and to his conclusions of law. Defendant also filed excep-
tions to the report of the referee, both as to the facts found by the
referee and as to his conclusions of law. Upon the exceptions filed by
plaintiff and defendant the case was heard by Judge Justice, with the
consent of the parties, at chambers in Rutherfordton, N. C., on 23
March, 1916, and upon the hearing the exceptions filed by the plaintiff
were sustained and those filed by the defendant were overruled and
judgment rendered in favor of the plaintiff, as appears in the record,
the material part of which is as follows: "It is considered, ordered, and
adjudged that the plaintiff's exceptions to the findings of fact set out
in said report numbered from one (1) to fourteen (14), both inclusive,
and plaintiff's exceptions to the conclusions of law set out in said report
numbered from one (1) to three '(3), both inclusive, be and the same are
hereby sustained, and that said report be and the same is amended in
accordance with said exceptions. It is further considered, ordered, and
adjudged that the defendant's exceptions to said report be and the same
are hereby overruled, except in so far as the same are sustained by the
foregoing order sustaining the plaintiff's exceptions. It is further con-
sidered, ordered, and adjudged that the report of the said W. D. Turner,
referee, be and the same is in all respects approved and confirmed, except
in so far as the same is modified by the order sustaining the plaintiff's
exceptions thereto and by this judgment. It is further considered, ordered
and adjudged that Percy McGeorge, plaintiff, is the owner of and entitled
to the possession of the said land described in the complaint, and that
the defendants have no title to any of the lands described therein, and
that the claim asserted thereto by the defendants is not sustained and
constitutes a cloud thereon, and that said defendants be and they are
hereby enjoined and restrained from asserting any claim thereto. It
is further considered, ordered, and adjudged that the plaintiff recover of
the defendants and the surety on their defense bond the cost of this
action, to be taxed by the clerk."

The defendants filed numerous assignments of error and based upon
exceptions previously entered by them to the referee's report, and also
upon the rulings of the judge upon the exceptions of both parties thereto.

Many of these assignments are framed substantially alike, and it will be necessary to state only three of them, the first being correct types of all the others except the last of them now set forth.

The defendants assign as errors, and as ground of exception to the judgment, the following:

"1. Error in sustaining No..... of plaintiff's exceptions to the report of the referee, and the attempted amendment to the report in accordance therewith, on the ground that said exception is not warranted or sustained by the evidence or the law applicable thereto.

"2. Error in overruling No..... of defendant's exceptions to the report of the referee on the ground that the said exception was warranted by the evidence and the law applicable thereto as set out in said exception.

"3. Defendants further assign error in said judgment in that while the rulings of the court on plaintiff's exceptions are tantamount to holding that there was some evidence to be considered by the referee tending to establish the contententions of the plaintiff, the court fails to find that the grants of the plaintiff have been located by the greater weight of the evidence so as to vest title in the plaintiff to the land described in said grants, and fails to find any facts to warrant said judgment."

There are a few exceptions to conclusions of law, but we think they are really involved in the other exceptions and raise the question whether there was any evidence to sustain the location of the land as claimed by the plaintiff.

We have often held that when a case is heard upon exceptions to a referee's report and his findings of fact are accepted and approved by the judge upon evidence that tends to support them, we will not review the judge's findings in this Court. As said in *McCullers v. Cheatham,* 163 N. C., 63: "The misfortune of defendants in this case is that the referee has found all the essential facts against them, and when these findings were reviewed and approved by the judge, upon consideration of the report and exceptions, there being evidence to warrant them, we are precluded from changing the report in this respect, but must decide the case upon the findings of fact as made by the referee and approved by the court. . . . We will not review the referee's findings of fact, which are settled, upon a consideration of the evidence, and approved by the judge, when exceptions are filed thereto, if there is some evidence to support them." This was approved in *Spruce Co. v. Hayes,* 169 N. C., 254, and applies to those rulings in which the judge has approved the referee's findings. It also applies to the judge's independent findings and to such as he made when overruling those of the referee. We adopt the facts as stated in the final judgment, if there is any evidence to support them. *Adickes v. Drewry,* 171 N. C., 667; *Sturtevant v. Cotton*

*Mills,* 171 N. C., 119; *Usry v. Suit,* 91 N. C., 406; *Buie v. Kennedy,* 164 N. C., 290; *Lumber Co. v. Lumber Co.,* 169 N. C., 80; *Henderson v. McLain,* 146 N. C., 329; *Baggett v. Wilson,* 152 N. C., 182; *Bailey v. Hopkins, Ibid.,* 750. This disposes of nearly all of the exceptions, as we think there is evidence upon which the findings of the judge can well be based.

It is conceded in the third of the assignments above set out (No. 44 in the record, it being the last one of all) that "the rulings of the court are tantamount to a holding that there was some evidence to be considered by the referee tending to establish the plaintiff's contentions." We have said that this "holding" of the court was correct. The defendants further except in that assignment upon the ground that "the court fails to find that the grants of the plaintiff have been located by the greater weight of the evidence." It would, perhaps, have been more formal and regular to have set out the specific findings of the court in its judgment, but as the judge was passing upon the plaintiff's exceptions and the facts were therein stated, that is, those which he evidently thought the evidence warranted, we must, of course, presume that he found those to be the facts without setting them out fully in the judgment. His general conclusion, as embodied in the judgment, clearly implies that he found "that the grants of the plaintiff had been located by the greater weight of the evidence, so as to vest the title in the plaintiff to the lands described in them." The fact that the judge set aside the referee's decision as to the location of the grants, to which plaintiff filed exceptions, shows that he found there were facts sufficient to support the plaintiff's contention as to the proper location of the land described in the grants.

We have carefully examined the record, and find that there is ample evidence of the location of the lands claimed by the plaintiff under the grants, and further, that there is nothing unusual, in the legal aspects of the case, to require any detailed discussion of the matters in controversy in addition to what we already have said about it, as in the view we take of the record the principles of law are well settled.

No error.