### J. C. HILTON v. H. W. GORDON ET ALS.

(Filed 23 April, 1919.)

1. **Limitation of Actions—Deeds and Conveyances—Contracts—Accounting—Demand—Trusts—Principal and Agent.**

     Under a valid contract that the grantee of lands pay one-third of the rents and profits to a prior encumbrance thereon until he be paid in full, and then reconvey a certain part thereof to his grantor: *Held,* the relation of the parties is one of trust and agency, during the continuance of which the grantee's possession is not inconsistent with the grantor's right of title, and the grantor's demand for an accounting and deed during that time is not sufficient to set the statute of limitation in motion in the grantee's favor, especially when no reply to the demand had been made, or the demand refused, and the grantor was not made aware of the status of the account until action was brought.

2. **Appeal and Error—Reference—Findings—Evidence.**

     The findings of facts by the referee, supported by evidence, and approved by the trial judge, are not reviewable on appeal.

APPEAL by defendant from *Shaw, J.,* from GUILFORD. Term of court not stated in record.

This is an action tried upon exceptions to the report of a referee. The action was begun 1 April, 1914. The plaintiff alleged that on and prior to 29 April, 1889, he was the owner of a tract of land in Guilford County (described in the complaint) containing one hundred and ninety-two acres, upon which there was a mortgage of eight hundred and ten dollars ($810); that on 29 April, 1889, the plaintiff and H. W. Gordon entered into a certain written contract whereby it was agreed that the plaintiff should convey said land to H. W. Gordon, who was to hold, use and cultivate the same and apply one-third of all crops, profits, and income from said land to pay off said mortgage, and to hold and cultivate said land until one-third of the income or profits should be sufficient to pay off said mortgage, the said Gordon to have the other two-thirds of the income arising from the cultivation of the land; that said deed was executed to H. W. Gordon by plaintiff on 29 April, 1889, and H. W. Gordon thereupon executed a written contract to the effect above mentioned, and that H. W. Gordon and his wife, Mary Gordon, by the terms of said contract agreed to reconvey to the plaintiff one-half of the said tract of land (ninety-six acres) as soon as one-third of the profits and rents of the whole tract (one hundred and twenty-two acres) should discharge the said mortgage debt; that thereupon H. W. Gordon went into possession of the said land and has ever since continued in possession, and has had and received all the rents and income therefrom and has never accounted to the plaintiff for any part thereof; that one-third of the rents has been more than sufficient to pay off said mortgage before the beginning of this action.

The findings by the referee, which were approved by the court, are in accordance with these allegations of the complaint, and in addition it was found as a fact that the rents were sufficient by December, 1907, to pay the mortgage debt, but that the defendant rendered no accounts of the rents and contended up to the commencement of this action that the mortgage debt had not been paid, and it was also found as a fact that the plaintiff did not know until after the commencement of this action that the rents were sufficient for that purpose.

In April, 1892, the plaintiff wrote a letter to the defendant in which he said, among other things: "The deed to that land is due soon and you will please have it run out according to contract, and write me when it will be ready. I want it fixed some way or other. John Barringer told me that it was fixed so you could not have a good deed till that firm would take the money; that you could give me a deed subject to that debt. I want it fixed right. If you can't make a good deed until that money is paid you can renew the title. If you will work it as you have before and appropriate one-sixth of all the truck that you make on the entire place, you write me how much my rent paid on my part and how

much is due yet. I am ready to pay off the whole thing any time you can make the deed."

The defendant made no reply to this letter, and at that time the plaintiff was not entitled to a deed because the rents were not then sufficient to pay off the mortgage debt.

Judgment was rendered upon the report of the referee, which was approved by the court, requiring the defendant to execute a deed according to his contract and for the rents over and above the mortgage debt, and the defendant excepted and appealed.

*King & Kimball, attorneys for plaintiff.*
*J. A. Barringer and R. C. Strudwick, attorneys for defendant.*

ALLEN, J. The exception relied on by the defendant is to the judgment, upon the ground that, although under the agreement and contract found by the referee to exist between the plaintiff and defendant, the relationship of trustee and agent existed, the letter written by the plaintiff to the defendant in April, 1892, was a demand, and had the effect of putting the statute of limitations in operation, and that upon the admitted facts the plaintiff's cause of action is barred.

There are, in our opinion, several satisfactory answers to this position.

Speaking of a contract similar in many respects, but not with so many evidences of a trust, the Court said, in *Maxwell v. Barringer,* 110 N. C., 83 : "The defendant was the trustee of an express trust, and also an equitable tenant in common with the plaintiffs. His possession was not inconsistent with his relation to the plaintiffs, and there was no actual ouster or exclusive possession for twenty years. *Gilchrist v. Middleton,* 107 N. C., 681. Treating him either as a trustee or a tenant in common, the statute would not be put in operation until a demand and refusal." And again in *Patterson v. Lilly,* 90 N. C., 88 : "It is true a demand was made by the plaintiffs in 1873, but there was no refusal; and a demand and refusal were necessary to terminate his agency. In *Northcott v. Casper,* 6 Ired. Eq., 303, *Chief Justice Ruffin* said : 'If there be an express understanding by one to manage an estate for another, for an indefinite period, a right to an account arises between them from time to time, but the statute of limitations does not operate to bar an account for any part of the time while the relation of principal and bailiff subsists between them, that is, while the agency of the management of the estate is kept up. While the relation continues there is a privity between the parties, and there is nothing to set the statute in operation': and it was held in that case that a demand and refusal were necessary to put the statute in motion. And in *Comrs. v. Lash,* 89 N. C., 159, it was held that where the relation of principal and agent

subsists, the demand for an account necessary to put the statute of limitations in operation must be such as to put an end to the agency. Nothing less than a *demand and refusal,* or the coming to a final account and settlement, or the death of one of the parties, will put an end to an agency."

The defendant, instead of refusing to comply with the request in the letter, paid no attention to it, and continued the use and occupation of the land under the contract as before. He neither did nor said anything in repudiation of the trust, or to create an adverse relationship, and the defendant testified that no demand was made on him after the letter was written, and up to action commenced he was contending he had the right to use the land under his contract with the plaintiff, which he, however, denied was the contract declared on, upon the ground that he had not received sufficient rents to pay off the mortgage debt.

Again, the cause of action of the plaintiff had not accrued in 1892, and the defendant might have refused to make a deed to the plaintiff at that time without assuming a hostile attitude, upon the ground that he was in possession under the contract, and that the plaintiff would not be entitled to a deed until the rents were sufficient to pay the mortgage debt, which was not until 1907, fifteen years after the letter was written.

The trust or agency was continuous, unfinished, and indefinite as to time, and as said in *Comrs. v. Lash,* 89 N. C., 168: "The cases in which a demand is held to be necessary, and when made to put the statute in motion, will be found to be concluded or finished agencies, where nothing remains to be done but to account for and pay over the fund. They are inapplicable to a continuous indefinite agency in which, from the confidence reposed in the agent, he assumes fiduciary relations towards his employer in the management of interests committed to his charge and becomes a trustee. While this *relation subsists,* though there may have been unheeded calls on him for information, by the mutual acquiescence of the parties, it cannot be hostile so as to permit the running of the statute.

"Where the agent becomes a trustee, charged with the execution of fiduciary duties, until the trust is put an end to, the statute does not begin to operate. In express trusts there is no bar until a sufficient time lapses after their close. This is decided in numerous cases. *Falls v. Torrence,* 11 N. C., 412; *Edwards v. University,* 21 N. C., 325. The same is the rule as to a bailee. *Collier v. Poe,* 16 N. C., 55.

"Thus *Pearson, J.,* remarks: 'Where a confidential relation is established between parties, either by act of law as in the case of copartners, tenants in common, etc., or by agreement of the parties themselves as in case of a trust or *agency,* the rights incident to that relation continue

until that relation is put an end to, and *the statute of limitations and lapse of time have no application.' Blount v. Roberson,* 56 N. C., 73.

"To the same effect, as to an unclosed trust, are *Davis v. Cotton,* 55 N. C., 430; *West v. Sloan,* 56 N. C., 102."

We therefore conclude that the letter of 1892, requesting the execution of a deed, did not have the effect of putting the statute of limitations in operation, and as the defendant continued in possession, claiming up to the commencement of this action that the rents were not sufficient to pay off the mortgage, and had never made a statement of the accounts between them, and the plaintiff was ignorant of his rights, that the plaintiff's cause of action is not barred.

The other exceptions of the defendant are to findings of fact, which are supported by evidence, and the action of the court thereon is not subject to review. *Spruce Co. v. Hayes,* 169 N. C., 254.

Affirmed.