OETTINGER LUMBER COMPANY ET AL. v. W. I. ANDERSON &
COMPANY ET AL.

(Filed 9 January, 1929.)

**Appeal and Error—Record—Matters Not Set Out in Record Deemed Without Error.**

> For a reversal on appeal the appellant must show error, and where the record is silent as to evidence upon which the Superior Court judge has reversed the report of a referee the presumption is that there was evidence to support the finding, and his judgment thereon will be affirmed.

APPEAL by defendant, Ætna Casualty and Surety Company, from *Stack, J.,* at June Term, 1928, of GUILFORD.

Civil action by creditors to recover for materials furnished and labor performed in the erection of a cold storage plant in the city of Greensboro.

A reference was had under the statute which resulted in a finding and conclusion by the referee, on the crucial point in difference between the parties, that the Leaksville Lumber Company was liable as a principal on the bond in suit, Exhibit D, which finding and conclusion was reversed by the judge of the Superior Court, on exceptions duly filed thereto, it being found as a fact by the judge that the purported execution of said bond by the Leaksville Lumber Company was without authority on its part. To this finding the Ætna Casualty and Surety Company excepts, on the ground that said finding is not supported by the evidence, and appeals.

*Brooks, Parker, Smith & Wharton, Hines, Kelly & Boren, Shuping & Hampton, Scott & Brewer and Broadhurst & Robinson for plaintiffs.*
*John N. Wilson for Ætna Casualty and Surety Company.*

STACY, C. J. The evidence taken before the referee, and upon which the judge made his finding as to the nonliability of the Leaksville Lumber Company as principal on the bond in suit, is not incorporated in the record; hence we are not able to say that the finding is without any evidence to support it. The presumption is otherwise. *S. v. Jackson,* 183 N. C., 695, 110 S. E., 593; *McGeorge v. Nicola,* 173 N. C., 707, 91 S. E., 708.

It is assumed, on appeal, in the first instance, that the judgment of the Superior Court is correct, and the party alleging error must show it. *Jones v. Candler, ante,* 382.

As no error has been made to appear, the judgment must be upheld.
Affirmed.