Peaesost, Jh
 

 On the 8th of Eebruary, 1839, Samuel Low-r-ie, the intestate of. the plaintiff, executed a deed, conveying certain property to H. 0. Owen, the intestate of the defendants, in trust, to sell and pay the debts therein named. On 28th of April, 1841, Owen sold all, or a part of the property, and died intestate about the year 1847. At January sessions, 1848, of Mecklenburg County Court, the defendants administered upon his estate and gave notice according to the provisions of the Act of 1789, for all creditors to prefer their claims.
 

 If the case stopped here, it would be the ordinary one of an unsettled trust, and an order for an account would be a matter of course. Rut the defendants aver that their intestate made sale only of a negro boy, at the price of §415, all of which was disbursed by him on or about the day of sale, except a balance of §56.47, and they refer to a written statement signed by the intestate and found among his valuable papers after his death, and rely on the act of 1789 as a bar to the suit, and upon the act of 1826, as raising a presumption that the trust had been satisfied; The bill was filed 22d September, 1851.
 

 There is no evidence that this statement, showing a balance of §56.47, was ever presented to the plaintiff’s intestate, or
 
 *183
 
 tliat there was ever an understanding that this balance closed the trust: so, the trust, at the death of Owen, remained open and unsettled. Consequently, neither the act of 1789, or of 1826, applies to the case.
 

 If the written statement had been presented by Owen to Lowrie as a settlement of the trust, showing the balance due and still in his hands, subject to the order of Lowrie, that would hare terminated the relation of trustee and
 
 cestui que trust,
 
 and ¡rat Lowrie in the position of an ordinary creditor. But the trust was not closed in this way ; so we have an express trust by 'agreement of parties, which is open and unsettled at the death of the trustee. The question is, does the Act of 1789, or of 1826, apply to such a case, so as to bar the right of the
 
 cestui que trust
 
 to call for an account and settlement of the trust fund after the expiration of two years, or to raise a presumption of satisfaction after the expiration of ten years ?
 

 We
 
 confess, the idea that the personal representatives of a trustee may keep the trust fund in hand and bar the equity of the
 
 cestui que trust
 
 (who is the real owner of the fund, and for whom the trustee holds) unless it is called for within ten years after their qualification, is entirely a new one to us!! It is obvious, from the wording of the statute, and “ the reason of the thing,” that its application is confined to debts or claims where the party has a mere
 
 “
 
 right ” or “ chose in action,” to be enforced by a suit in a court of Law or in Equity, and has no application to cases where a party has
 
 an estate
 
 as contradis-tinguished from aright. See
 
 Thompson
 
 v. Thompson, 1 Jones’ Rep. 430.
 

 In our case, the plaintiff’s intestate owned the equitable estate in the trust fund, the defendant’s intestate held the legal estate
 
 for
 
 him. This legal estate, by the death of the trustee, devolved on his personal representatives ; but this devolution did not divest the equitable estate of the plaintiff’s intestate and turn it into a “ mere right,” and the representatives of the trustee held the fund
 
 for,
 
 and not
 
 adversely to,
 
 or
 
 against
 
 the
 
 cestui que trust.
 

 The same considerations show that the act of 1826 has no
 
 *184
 
 application to our case. In regard to this latter statute, the question is settled:
 
 Saltar
 
 v. Blount, 2 Dev. and Bat. Eq. 218. It is there decided that the right to a legacy or distributive share, “is not within the act of 1820, and that its operation is confined to constructive trusts, and such other equitable interests of that nature, as, previous to the passing of that act, were barred by time, in analogy to the statute of limitations in England, barring entries into land.” This, of course, excludes the operation of the act from our case, which is that of an express trust by the act of the parties, which remained open and unsettled. The defendant’^ counsel evidently misconceived the legal effect of the written statement found among the papers of the trustee after his death.
 

 Peb Cueiam. The plantifr is entitled to an account.