PeaRson, J.
 

 The pleadings in this case are loosely drawn. At the last term it became necessary to direct an inquiry — did Thomas Snipes, the acting executor of Eoderic Cotten, pay to ¡Stephen
 
 W.
 
 and E. C. Cotten, the balance of $496,064, report,ed as the amount in his hands by his final settlefnent, filed at
 
 February term,
 
 1830, of the County Court of Chatham ? The commissioner reports that the balance in hand, to wit, the sum of $496,06-^, was, at that time, paid over to Stephen
 
 W.
 
 and E. C. Cotten, whose receipts in full were filed by the said Thomas Snipes, and arc now produced by his personal representative. This balance includes the price of Lavinia and her
 
 *434
 
 two children; so the trust which was undertaken by Snipes and Mrs. Ann Cotten, as the executors, was then closed.
 

 Lavinia and her two .children were bought by Mrs. Ann Cotten through her agent, Charles Williams, who bid for these slaves and many other articles for the widow. They did not pass out of her possession, but were kept by her until her death, and then passed into the hands of the defendant, as her executor and legatee.
 

 In
 
 Jkily,
 
 1838, the plaintiff Davis married one of the daughters of E. 0. Cotten, and by the
 
 jus
 
 mariti, although she was under age, he, as husband, had a right to receive and release the legacy due to her. Thus, near fifteen years have expired since he had a right to insist that the sale of Lavinia and her two children should be set aside. He is inactive during all that time ; does not in his bill assign any reason for the delay; and yet the title to a large family of negroes is now, as he insists, to be overhauled, and accounts of hires and profits, reaching back upwards of twenty-four years, taken; because he did not see proper to assert his right within a reasonable time. Upon the argument, it was suggested, that Davis has been all this time ignorant of his rights, because the property was purchased in the name of Charles Williams; and yet ho admits that the property never for a moment went out of the possession of Mrs. Ootten. Iler possession was surely enough to put him upon enquiry; but he does not even allege that he did not know all about the fact that Williams had bid in the property for the widow, which is a common practice, resorted to under the mistaken notion that the interposition of a third person will give effect to a sale where the executor indirectly buys at his own sale. So far as his allegations are concerned, there is no more reason why he might not have filed his bill after the expiration of thirty years, as well as after the expiration of fifteen.
 

 The idea that one cannot, by acquiescence,
 
 confirm a
 
 title, unless he is proved to have been aware of his rights, supposing, for the sake of argument, that tire long possession of Mrs. Cotten did not amount to notice, is not applicable to statutes
 
 *435
 
 of limitation, or the kindred statutory provisions of our law in regard to the presumption of an abandonment, satisfaction, or release of rights, as well equitable as, legal; because those statutes do not proceed on the notion of a confirmation, but on the ground of necessity; because public policy requires repose, so as to prevent the assertion of rights that have been so long neglected and unattended to, that to enforce them, would “work greater injustice than to pass them by as abandoned, released or arranged, in some way or other.” This is so obviously a favorite policy with the Legislature, that the Courts are obliged to carry it fully into effect. The whole purpose of creating repose would be marred, if, in every instance, enquiry must be instituted as to the party’s knowledge of his rights.
 

 It was said in the argument, “ this is a bill for a legacyso, the statute of presumptions does not apply. Here is a misconception, caused by not attending to the distinction between
 
 estates
 
 in equity and
 
 rights
 
 in equity. Where there is an express trust, or where an executor or administrator holds a legacy, or distributive share, without closing up the estate by a filial settlement, the cestui que trust, legatee, or distributee, has the
 
 estate
 
 in equity. The trustee, executor or administrator, holds the legal title without any conflict or clashing of rights, or anything in the nature of adverse possession. On this ground, it was held, that our statute in regard to presumptions does not apply to such cases; and the remedy can only be defeated by the common law presumption, or by a presumption of fact.
 
 Hamlin
 
 v. Mebane, 1 Jones’ Eq. 18. Hut where there is no express trust, and equity is invoked to
 
 create
 
 a trust, on the ground of fraud; or where an executor or administrator files a settlement, receipts are passed, and the matter is considered as ended, if a legatee, or distributee, seeks to impeach a settlement, on the allegation of fraud, or to set aside a sale of some article, on the ground that the executor or administrator cannot buy at his own sale, and of a right in equity to have the executor or administrator, so purchasing, converted into a trustee — not because there was fraud
 
 *436
 
 in fact, or any inadequacy in price, or any contrivance whereby to get the property for a less sum than others -would have been willing to give for it, but because “ there might have been fraud” — in all such cases, the party is not looked upon as having an
 
 estate
 
 in equity, but as having a mere
 
 right,
 
 which he must enforce within a reasonable time, or else, for the sake of repose, it will be considered as having been abandoned, released, satisfied, or arranged, in some way.
 
 Nelson
 
 v.
 
 Hughes,
 
 ante, 34;
 
 Thompson
 
 v.
 
 Thompson,
 
 1 Jones’ Rep. 430. Hence, the importance of the enquiry which was directed m this case. If the executors had made no settlement, or had not paid over the balance, there was an express and unclosed trust, as to which the statute of presumptions does not appty; but if the executors liad closed up the business, and the several legatees had received their legacies,
 
 “
 
 and filial portions,” then, there was no express trust, but a mere right to have the executrix converted into a trustee, in regard to Lavinia and her children; which is the very sort of equitable right that falls within the operation of the statute, and comes peculiarly within the mischief which the statute intended to remedy.
 

 PnR Oueiam. Bill dismissed with costs.