B. J. ROUSE ET AL. v. E. R. ROUSE, TRUSTEE, ET AL. ·

(Filed 9 October, 1918.)

1. **Trusts and Trustees—Uses and Trusts—Adverse Claim—Limitation of Actions—Statutes.**

   The statute of limitation will begin to run in bar of the rights of the *cestui que trust* from the time the trustee, with the knowledge of the *cestui que trust*, disclaims the trust, either expressly or by acts necessarily implying a disclaimer.

2. **Trusts and Trustees—Uses and Trusts—Active Trusts—Passive Trusts—Execution of Trusts—Statute of Uses—Right of Entry.**

   A conveyance in trust to donor's son to pay over rents and profits to the donor for life, and a certain amount thereafter to donor's wife in lieu of dower, and then directs a conveyance to donor's children, creates an active trust until the death of the wife, and thereafter it becomes passive, whereunder the heirs at law may demand the conveyance or enter upon the lands without it.

3. **Same—Limitation of Actions—Statutes.**

   Where a trust has become passive, entitling the heirs at law to a conveyance, or entry without it, and the trustee continues in possession of the lands under deeds from the heirs at law, theretofore obtained, he holds adversely to the heirs at law, in the sense that the statute of limitations will begin to run, and his continued adverse possession for the statutory periods will bar their right of action, when they are under no legal disability.

4. **Trusts and Trustees—Uses and Trusts—Ouster—Equity—Laches.**

   The inaction of the *cestui que trust* for eleven years after the trustee has claimed the trust lands as his own, under deeds he has acquired from them, will bar their right of recovery in equity by their laches, when they are under no legal disability.

5. **Trusts and Trustees—Title.**

   The trustee of an active trust must retain the title and control of the lands, subject to the trust, in order to execute the user therein designated.

ACTION tried before *Allen, J.,* at June Term, 1918, of LENOIR, upon these issues:

1. Is B. J. Rouse estopped to claim an estate in the land described in the complaint? Answer: Yes.

2. Is B. J. Rouse barred by the lapse of time to assert a right to any interest in the said land, as described in the complaint? Answer: Yes.

3. Is B. J. Rouse barred by the statute of limitations to maintain this action? Answer: Yes.

Similar issues were submitted as to the other plaintiffs.

The court rendered judgment that defendants go without day and recover costs. Plaintiffs excepted and appealed.

*G. V. Cowper, Moore, Dunn, Whitaker & Hamme for plaintiffs.*
*Guy V. Moore, A. D. Ward, Dawson, Manning & Wallace, and Manning & Kitchin for defendants.*

BROWN, J. This action is brought by plaintiffs, as the heirs of W. J. C. Rouse, to recover possession of certain lands of defendant E. R. Rouse and his co-defendant in possession thereof, to compel defendant E. R. Rouse to execute conveyances of same, and for an accounting for the rents and profits.

The defendants denied the right of plaintiffs to recover, and pleaded specifically the several statutes of limitation.

The court instructed the jury that if they believed the evidence they should answer each of the issues "Yes." If such instruction is correct, then the action is barred by the statute of limitations, and the judgment must be affirmed.

On 13 January, 1887, W. J. C. Rouse and wife, Martha, executed to their eldest son, E. R. Rouse, defendant in this action, a deed for a tract of land described in the pleadings, containing the following provision:

"But upon this special trust, that the said E. R. Rouse shall have and hold the said granted premises for the use and benefit of the said W. J. C. Rouse and his wife, Martha Rouse, upon the following conditions: That the said E. R. Rouse shall rent and lease the said land and pay out of rents and profits thereof to the said W. J. C. Rouse during his life, and, in the event that he should die, leaving his wife surviving, then and in that event the said E. R. Rouse shall pay to her, the said Martha Rouse, the sum of $100 dollars annually out of the rents and profits of the lands in lieu of her dower; the residue of the rents and profits he shall pay over and distribute *pro rata* among the heirs of W. J. C. Rouse. That upon the death of the said W. J. C. Rouse and his wife, Martha Rouse, the said E. R. Rouse shall convey said land to the heirs of W. J. C. Rouse in fee simple. The heirs shall share alike, except E. R. Rouse, who shall first account for 30 acres hereto deeded him by his father. That the said W. J. C. Rouse and wife, Martha Rouse, shall have the use and occupying of the dwelling-house for and during their natural lives."

It is admitted that Martha Rouse survived her husband many years and died on 30 May, 1905.

This action was commenced on 12 September, 1916.

The deed in trust to E. R. Rouse was before this Court in the case of *J. W. Rouse v. E. R. Rouse,* 167 N. C., 209. The interest of J. W. Rouse in the land had been sold under execution in March, 1889, during the lifetime of Martha Rouse, and purchased by defendant E. R. Rouse. We held that the interest of J. A. Rouse could not be sold under execu-

tion during the lifetime of Martha Rouse, and that as long as she lived the trust was an active and not a passive trust; that during her life the trustee held the lands in trust for the purpose of collecting the rents and profits and paying them over to the beneficiary.

It was evidently the intent of the grantor in the deed that the legal title should remain in the trustee during the widow's life, to the end that he might execute the uses designated. He could not execute such uses without retaining the title, possession, and control of the land.

In that case we held that during the life of Martha Rouse the trust was active and not executed by the statute, and further interest of the *cestui que trust* could not be sold under execution.

It is therefore manifest that defendant·could acquire no title by adverse possession during the lifetime of Martha Rouse.

But when Martha Rouse died, in May, 1905, the trust became a mere passive trust, the active control and management of the trustee ceased, and the children of the trustor, W. J. C. Rouse, had the right to call on the trustee to execute deeds for the property according to the terms of the trust, and without such deeds they had the right of entry upon the property and the right to oust the trustee from possession. At her death the statute executed the use, and the legal title as well as the equitable became vested in the ten children of W. J. C. Rouse and their representatives.

In the case referred to, we said that the *cestui que trusts* had no right to demand a conveyance and no cause of action against E. R. Rouse *"until after the death of Martha Rouse."*

The evidence shows conclusively that the plaintiffs and those under whom they claim put an end to this trust relation, so far as they were able to, during the life of Martha Rouse, and that defendant E. R. Rouse acquired their interest in the land and put the deeds upon record. At date of her death plaintiff knew that he remained in possession of the land adversely, claiming it as his own. No demand was made upon him to execute a deed or to account for rents and profits until this action was brought, over eleven years after the expiration of the life interest, when the cause of action accrued. It is a general rule that, as between trustee and *cestui que trust,* lapse of time is not a bar to an action, but where the trustee disclaims the trust, to the knowledge of the *cestui que trust,* either expressly or by acts necessarily implying a disclaimer, and the trustee remains in unbroken possession, lapse of time may be relied upon as a defense. *McAden v. Palmer,* 140 N. C., 258; *Williams v. Church,* 1 Ohio St., 478; *Cox v. Carson,* 169 N. C., 137.

If these plaintiffs had any enforcible equity against defendant, they have slept on their rights for more than ten years, and they are guilty of such laches that a court of equity will not lend its aid. As said by *Jus-*

*tice Gray,* in *Speidel v. Henrici,* 120 U. S., 387 : "Independently of any statute of limitations, courts of equity uniformly decline to assist a person who has slept upon his rights and shows no excuse for his laches in asserting them."

In *Cox v. Carson, supra,* it is said by *Justice Walker* that the statute begins to run when the trustee disavows the trust with the knowledge of the *cestui que trust,* or holds adversely to the claim of those he represented, citing *Bacon v. Rives,* 106 U. S., 107.

The case of *Cherry v. Power Co.,* 142 N. C., 406, is in point and sustains the conclusion that, upon all the evidence in this case, the statute began to run at death of Martha Rouse.

Therefore, whether the seven- or ten-years limitation be applied, none of plaintiffs being under disability, the action is barred.

No error.