FOWLE MEMORIAL HOSPITAL COMPANY ET AL. v. J. L. NICHOLSON ET AL.

(Filed 16 September, 1925.)

**Trusts—Limitation of Actions—Disavowal of the Trust—Notice.**

> The law does not favor one who having assumed a trust and then seeks to discontinue it, and holds the subject thereof to his own benefit, and for the ten-year statute of limitations to bar an action in his favor, the disavowal of the trust must have been by clear and unequivocal acts and words brought to the notice of the *cestui que trust.* The three-year statute is inapplicable.

APPEAL by plaintiffs from *Cranmer, J.,* at February Term, 1925, of BEAUFORT.

From a judgment, dismissing the action on the plea of the three years statute of limitations, the plaintiffs appealed.

This case was heard on plaintiffs' appeal, and remanded, as appears in 189 N. C., 44. When this case again came on to be heard, the three years statute of limitations, (C. S., 441, subsec. 9) having been pleaded, the parties asked the Court to dispose of this plea before considering the matters left open for decision in the former appeal. A hearing upon this plea resulted in the following judgment:

"This cause coming on to be heard at the February Term, 1925, of court, before his Honor, E. H. Cranmer, judge presiding, and a jury; and the statute of limitations having been pleaded by the defendants; and it appearing to the court, from the face of the pleadings, that the lease to J. L. Nicholson, which is sought to be annulled in said action, was executed and delivered on 5 January, 1921, and that the said Nicholson, forthwith, went into possession thereunder, and that this action was instituted on 3 April, 1924, counsel on both sides having asked the court to pass upon the plea of the statute of limitations before the introduction of evidence on the other issues raised by the pleadings, and the court being of the opinion that said action is barred by the three years statute of limitations which was pleaded by the defendants, it is so adjudged and decreed that this action be, and the same is hereby, dismissed."

The plaintiffs again appealed. The other pertinent facts are set out in the report of the former appeal.

*Wiley C. Rodman and Small, MacLean & Rodman for plaintiffs.*
*H. C. Carter and Ward & Grimes for defendant.*

VARSER, J. The record does not disclose a disavowal of the duties growing out of the trust created by the charter of the plaintiff corporation, and the conveyances to it, more than three years prior to the date of the institution of this action. The facts now appearing are not sufficient to constitute notice to plaintiffs that such duties would no longer be performed by the defendant lessee, and that the hospital in controversy would not be operated as a community hospital, but for the private gain of the defendant, J. L. Nicholson.

In our opinion, the facts set out in the judgment appealed from, fall short of what is necessary to constitute sufficient disavowal of an active continuing trust, which will put the *cestui que trust* to his right of action to secure performance. The law does not favor, or aid, him who attempts to put an end to a trust, and, therefore, he must make such

a disavowal in no uncertain terms and without qualification. It must be done by clear and unequivocal acts or words brought to the notice of the *cestui que trust. Rouse v. Rouse,* 167 N. C., 208; *Rouse v. Rouse,* 176 N. C., 171; *University v. Bank,* 96 N. C., 280, 287.

The property of the plaintiff Hospital Corporation is impressed with the trust contained in its charter, and the conveyances to it. Its certificate of organization shows a positive intention to protect its welfare, and the deed from the town of Washington provides for a reversion in case of failure to maintain and operate a hospital in accordance with the terms of the deed for five successive years.

The relation of the defendant lessee is such, that he cannot obtain a conveyance, by lease or otherwise, that is for, or contemplates, a use of the corporate property for purposes at variance with its declared uses. This relation prevents the three years statute of limitations from applying. *Besseliew v. Brown,* 177 N. C., 65; *Hilton v. Gordon,* 177 N. C., 342; *Steel Co. v. Hardware Co.,* 175 N. C., 450; *Bassett v. Cooperage Co.,* 188 N. C., 511; *Johnston v. Overman,* 55 N. C., 182; *Blount v. Robeson,* 56 N. C., 73; *Davis v. Cotten,* 55 N. C., 430; *West v. Sloan,* 56 N. C., 102.

The lease in controversy provides that, "the party of the second part (J. L. Nicholson) is to have full control of the operation of said hospital, and he is to attend to employing and paying nurses, etc., and he is to attend to buying all supplies and equipment used by him in the operation of said hospital, under this lease. The said party of the second part is to manage and look out for said property the same as if it were his own, except, of course, that he is not to sell or in any way encumber any of said property."

We are, therefore, of the opinion that the pleaded three years statute of limitations is not applicable.

The ten years statute of limitations would be applicable if there were a sufficient basis in fact. *Norcum v. Savage,* 140 N. C., 472, 474; *Norton v. McDevit,* 122 N. C., 759; *Latham v. Latham,* 184 N. C., 56; *Sexton v. Farrington,* 185 N. C., 339; *Little v. Bank,* 187 N. C., 1; *Lynch v. Johnson,* 171 N. C., 611; *Phillips v. Lumber Co.,* 151 N. C., 520.

Therefore, let this case be remanded to the Superior Court of Beaufort County, to the end that a further trial may be had herein, in accordance with the former opinion of this Court in *Hospital v. Nicholson,* 189 N. C., 44.

Reversed and remanded.