ELIJAH PLUM SHEPPARD v. VANDALIA I. SYKES, LACY O. WARNER, JOHNNIE GRAY WARNER, JOSHUA O. WARNER, WILLIAM J. WARNER AND NELDA GRAY SYKES, DALIA SYKES, MINORS, AND ALL OTHER CHILDREN OF VANDALIA I. SYKES NOT IN ESSE BY THEIR GUARDIAN AD LITEM, DAVID J. SYKES.

(Filed 17 September, 1947.)

**1. Dower § 7—**

The widow is not a tenant in common with the heirs at law, but her estate is superimposed upon the estate of the heirs and is superior thereto.

**2. Adverse Possession § 4f—**

When a widow remains in possession of the whole estate under an unallotted dower right her possession is an extension of the possession of her deceased husband and is not deemed to be adverse to her children.

**3. Same—**

A mortgagor died leaving a minor widow and a child *in ventre sa mere.* The mortgage was foreclosed. The widow's father purchased at the foreclosure sale and conveyed to the widow when she attained her ma-

jority. *Held:* The widow entered into possession not as surviving widow but in her own right as purchaser, and therefore the principle that her possession is an extension of the possession of her deceased husband, is not applicable, since the continuity of possession was broken.

## 4. Limitation of Actions § 9—

Where a fiduciary, either by operation of law or by agreement, enters into possession, time will not run during the existence of the relationship so as to bar an action to establish a resulting or constructive trust until there has been an unqualified disavowal by clear and unequivocal acts or words.

## 5. Same—

Where a widow enters into possession of the estate of her husband, not under her unallotted dower right, but as purchaser from the purchaser at the foreclosure sale of a mortgage on the land executed by the husband, she holds same adverse to the heirs, and the principle of law that time will not begin to run against an action to have her declared trustee of a resulting or constructive trust in favor of the minor heirs until the termination of the relationship by clear and unequivocal acts or words, is not applicable.

## 6. Trusts § 5b—Evidence held insufficient to establish constructive trust in favor of heir against widow.

A mortgagor died leaving a minor widow and a child *in ventre sa mere.* The mortgage was foreclosed and the land was purchased by the widow's father at the foreclosure sale and reconveyed to the widow upon her majority. This action was instituted by the child twenty-five years after attaining her majority to have the widow declared the trustee of a resulting or constructive trust in her favor upon allegations that the widow procured the foreclosure of the mortgage and that her father bid in the land for her as her agent. There was no evidence that the widow procured the foreclosure of the mortgage, but it appeared to the contrary that foreclosure was dictated by common prudence, since the estate was insufficient to pay secured claims and there was no one legally capable of negotiating an extension of the debt, nor evidence that the widow's father acted as her agent rather than in her interest as her father. *Held:* The evidence is insufficient to impress a trust upon the widow's title for benefit of plaintiff.

APPEAL by plaintiff from *Morris, J.,* at May Term, 1947, of BEAUFORT. Affirmed.

Civil action to remove cloud on title of real property and quiet title thereto. G. S. 41-10.

On 26 October 1897 Elijah Woolard died intestate, seized and possessed of five small tracts of land in Beaufort County. He had executed two mortgages thereon: one, 1 November 1893 to Thomas H. Blount, and another 18 January 1895 to E. Peterson. He left surviving him his widow, Julia V. Woolard, and a child *in ventre sa mere.* Said child, plaintiff herein, was born shortly thereafter. In January 1899 both

mortgages were foreclosed and the land was purchased at the sale by Richard Johnson, father of the widow. It was announced at the sale that Johnson desired to purchase for his daughter, widow of the mortgagor, and others present entered no bids, but permitted the land to be sold to said Johnson. Foreclosure deeds were executed and delivered to Johnson 28 January 1899. On the same day Johnson executed and delivered to Blount trust deed reconveying said property to secure unpaid purchase money.

After the death of her husband the widow moved to the home of her father and she and her child lived with him until the date of her remarriage in 1902. Johnson qualified as her guardian. She became 21 years of age 12 December 1900. On 22 December 1900 she acknowledged full settlement by her guardian and in consideration of one dollar "and in further consideration of the conveyance to me by my said Guardian of a certain tract of land in Beaufort County," released and forever discharged him and his bond from further liability. Johnson delivered to her deed dated 4 February 1899, conveying the land purchased at the Woolard foreclosure, subject to existing mortgage to Blount.

She went in possession of the *locus* and remained in possession thereof until the date of her death. During her life she sold or otherwise disposed of all land conveyed to her by Johnson except the one tract described in the complaint. While in possession she paid the amount due on the mortgage and the same was canceled of record in 1907. While she lived with her father, before her second marriage, the net proceeds of the crops raised on the land were applied to the payment of the Blount mortgage.

Plaintiff became 21 years of age in 1919. In 1929 Julia B. Warner (Woolard) executed a will in which she devised the *locus* to plaintiff. Thereafter she executed another will in which she devised the same to Vandalia I. Sykes, her daughter by her second husband, for life with remainder to her surviving children, subject to a charge in the sum of $800 in favor of plaintiff.

Plaintiff disavowed any right under the will and instituted this action claiming the land as her own. At the conclusion of the evidence for the plaintiff the court, on motion of defendants, entered judgment dismissing the action as in case of nonsuit and plaintiff appealed.

*Rodman & Rodman for plaintiff appellant.*
*Carter & Carter and Grimes & Grimes for defendant appellees.*

BARNHILL, J. The principles of law relied upon by plaintiff are so well established we need not discuss them. Whether the facts appearing

on this record are such as to invoke the application of those principles is the question presented for decision.

Where a confidential relation is established between parties, either by act of law or agreement, the rights incident to that relation continue until the relation is put an end to, and time will begin to operate as a bar during the existence of such relation only in the event there has been an unqualified disavowal by clear and unequivocal acts or words. *Blount v. Robeson,* 56 N. C., 73; *Hospital v. Nicholson,* 190 N. C., 119, 129 S. E., 149; *Sorrell v. Sorrell,* 198 N. C., 460, 152 S. E., 157; *Teachey v. Gurley,* 214 N. C., 288, 199 S. E., 83.

Relying on this principle of law the plaintiff bottoms her cause of action upon the theory that Julia V. Woolard (later Warner), the widow, held possession of the *locus* after the death of her husband in trust for the use and benefit of herself and her daughter, the plaintiff herein. She alleges that the widow "caused and procured the land . . . to be advertised and sold under the powers of sale therein contained, and said lands were so sold and bid in for her by Richard Johnson, her father . . ." and that Johnson was acting as her agent in purchasing and later reconveying to her. In her brief she takes the additional position that the widow went into possession of the inheritance under her unallotted right of dower and that her possession was merely a continuation of the possession of the deceased husband and was not adverse to her daughter, the plaintiff. *Page v. Branch,* 97 N. C., 97. We are constrained to hold that neither position is sustained by the record.

The widow is not a tenant in common with heirs at law. Her estate is superimposed upon the estate of the heirs and is superior thereto. Even so, when the widow remains in possession of the whole estate under an unallocated dower right, her possession is an extension of the possession of her deceased husband and is not deemed to be adverse to her children.

But here the whole record negates the suggestion that the widow remained in possession as such. The property was under mortgage. The mortgages were foreclosed and the land was purchased by Richard Johnson. In the meantime the widow, herself an infant, had moved to the home of her father and become a member of his family.

Thus the continuity of possession under the same right was broken. The title of the deceased husband and his heirs was divested by the mortgage sales and a new title in a new line was created. When the widow entered into possession she went in, not as surviving widow but in her own right as purchaser.

There is no evidence that the widow "caused and procured" the foreclosure of the mortgages. The mortgagor was dead. The widow was under legal disability due to her nonage. The estate which was being

20—227

administered was without sufficient assets to pay the secured debts. There was neither widow nor heir legally capable of negotiating or contracting for an extension of the debt. Common prudence and foresight dictated foreclosure. The record discloses this and nothing more.

Even so, the plaintiff insists that the circumstances under which the widow acquired title were such as to impress it with a trust in favor of plaintiff. The record, we think, fails to sustain this position.

She was without means and incapable of contracting. Her father purchased the land so as to protect the home of his infant daughter who was again his dependent and a member of his household. There is not a particle of evidence tending to show that in so doing he acted as her agent rather than as her father, interested in providing a home for her. Under the circumstances here appearing, the statement that he desired to purchase "for her" cannot be construed to mean that he purchased as agent for her. *Akin v. Bank, ante,* 455.

It follows that there is no evidence tending to show that she purchased at the sale property in which she and her child were jointly interested so as to impress her title with a trust for the benefit of plaintiff.

Under the view we take of the case the widow held under a record title superior to any claim of plaintiff, and so she and those claiming under her need not resort to the defense of adverse possession. We note, however, that over a period of 25 years after plaintiff became 21 years of age the widow remained in exclusive possession of the land, appropriated the income therefrom to her own use and sold four of the five tracts formerly owned by plaintiff's father (one of which was sold to plaintiff's husband) without protest from or action by plaintiff. We cannot say that she, in equity and good conscience, has any good or valid claim thereto.

The judgment below is
Affirmed.