JOSEPH C. ROGERS
*v.*
ANPENTINE J. NELSON *d. b. a.* ROYAL TRANSPORTATION CO.

*William H. Sleeper* and *Wayne J. Mullavey* (*Mr. Mullavey* orally), for the plaintiff.

*Devine & Millimet* (*Mr. Millimet* orally), for the defendant.

JOHNSTON, C. J.   The issue of liability was properly left to the jury.   The plaintiff testified that as he drove down the incline on Main Street he could see the top of the roof of the trailer on Depot Street and that the truck did not stop at the stop sign. *Legere* v. *Buinicky*, 93 N. H. 71, 73; *Beaule* v. *Weeks*, 95 N. H. 453, 457, 458. Furthermore there was evidence that the truck driver did not see the plaintiff's car until he was within two or three feet of where he stopped.   He testified that he went within six feet of the westerly side of Main Street.   It could be found that a stop at the stop sign or an earlier stop in the intersection would have enabled the plaintiff to pass around the front end of the truck.

The plaintiff testified that the reason he did not act for his own safety sooner was because he assumed that the truck was going to stop at the stop sign.   The wet pavement as well as the incline may have contributed to his inability to stop in time.   An error of judgment on his part was not conclusive of negligence.   *Roy* v. *Levy*, 97 N. H. 36.   The credibility of the plaintiff and his due care were questions properly left to the jury as well as the issue of the fault of the defendant.

The defendant excepted to the submission of any issue of future

pain or disability as a result of the accident. The plaintiff testified that at the time of the trial he still had trouble with the lower part of the back, especially if he rode in a car on long trips. His medical expert testified that, with respect to the lower part of the back, "the backache is the primary thing, not the coccyx." The Court withdrew from the jury any issue of an injured coccyx. The expert further testified: "The logical explanation is that he sprained the muscles and they are vulnerable to recurrence"; also, "I think his back is always going to be more vulnerable to strain." It cannot be said as a matter of law that this greater susceptibility to muscular strain in the lower part of the back will not appear in the future. Nor, in view of the order of "new trial," is it necessary to consider what compensation could be awarded for future pain and discomfort in addition to the other personal injuries and whether the verdict was excessive. With respect to this issue also, the credibility of the plaintiff and that of his doctor was for the jury.

The Court submitted to the jury as issues of damages the medical and hospital bills, all probable loss of earnings and probable loss of use of the plaintiff's automobile. The plaintiff testified that he lost some $1,300 as a result of the accident. This was finally shown to mean; $400 property damage to the automobile, $79 medical expenses, $95.84 travel to Bond [a later employer] and $800 loss of commissions.

The jury were charged that there could be no recovery for the damage to the automobile and no exception to this has been transferred. The item of $79 for medical services and X-rays was properly submitted.

The plaintiff admitted that it would have cost him $72 to operate his car for the same travel for which he has submitted an item of damage in the amount of $95.84 for train travel. The loss of use of the plaintiff's car was accordingly only the difference between, the figures. It was error to refuse to give the defendant's request No. 6 to this effect.

The remaining item of $800 was said to be for loss of commissions or earnings. The plaintiff testified on direct examination that he lost around $1,300 in wages or commissions while working for the Canada Dry Bottling Company. However this claim was abandoned as it appeared that he lost no time working for this company except two weeks that he took within a month after the accident for a pleasure trip by automobile to Akron, Ohio. Concerning the $1,300 figure, the plaintiff said: "I can't figure it for the Jury. I

can't recall how much the incidentals were." Finally, later in the trial the plaintiff again took the stand and said that the figure of $800 represented commissions from a side line that he sold while working for Canada Dry. This was an inter-communication system sold during his spare time. The plaintiff left the employ of Canada Dry September 18, 1948, a little over two months after the accident due to no reason connected with the accident.

This item of $800 should have been withdrawn from the consideration of the jury. The plaintiff was not disabled for working as a result of the accident. The measure of damages for this item was not the loss of commissions but the loss of use of his car. The issue of loss of earnings should not have been left to the jury. Defendant's request No. 9 should have been granted. The plaintiff's doctor testified that any trouble with the back would not interfere with his making a livelihood.

Loss of use of the plaintiff's automobile for business purposes was properly submitted to the jury. *Copadis* v. *Haymond*, 94 N. H. 103, 106. To determine the damages for this, it would be necessary to decide what was a reasonable time for making the repairs to the car and the value of the use. 25 C. J. S. 835. The lost value of a reasonable use for business purposes would be the cost of other reasonable substitute means of transportation in excess of what the expense of the operation of the plaintiff's own car would have been.

It would now serve no useful purpose to determine whether it was error for the Trial Court in its discretion to permit modification of the pre-trial order so that the plaintiff might allege permanent injury. Superior Court Rule 48 (b). Numerous other exceptions were taken by the defendant that bear on the question of a new trial. Since the issues raised may not be present at another trial of the case they are not now considered. At that time plaintiff's attorney should not be permitted to use leading questions unless they come within one of the recognized exceptions to the rule stated in *Steer* v. *Little*, 44 N. H. 613.

*New trial.*

All concurred.