B. W. PARSONS v. JOSEF K. GUNTER AND GUNTER AND COOKE, INC.,
A CORPORATION.

(Filed 23 March, 1966.)

**1. Limitation of Actions § 17—**

Upon defendant's assertion of a pleaded statute of limitations, plaintiff has the burden of overcoming the plea.

**2. Limitation of Actions § 8—**

Plaintiff declared on an agreement under which he and the individual defendant would divide profits from the sales of a certain mechanism and, if a patent could be obtained, would jointly own the patent, and prayed for an accounting of the profits derived from sales and an adjudication that defendants hold in trust a one-half interest in the patent issued to the individual defendant and assigned by him to the corporate defendant. *Held:* The action is for breach of contract and not one to establish a constructive or resulting trust, and therefore the action is barred after three years from defendant's categorical denial of plaintiff's rights. G.S. 1-56.

MOORE, J., not sitting.

PLESS, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Pless, J.,* November 8, 1965, Schedule A, Civil Session of MECKLENBURG.

This action was begun September 21, 1964. Individual defendant is hereinafter referred to simply as "Gunter"; corporate defendant, Gunter and Cooke, Inc., is hereinafter referred to merely as "corporate defendant."

Plaintiff alleges: He and Gunter in April 1959 agreed they would work jointly to develop a machine known as a "cotton card drive" incorporating Gunter's idea for the construction of the machine; if they were successful, each would pay one-half of the expenses of producing the machine; each would receive one-half of the profits from sales of the machines; and if the idea could be patented they would own jointly any patent issued for the construction of a machine incorporating Gunter's idea; as a result of the joint efforts of plaintiff and Gunter they developed a marketable cotton card drive for use in the textile industry; subsequent to the contract between plaintiff and Gunter, Gunter caused corporate defendant to be formed for the purpose of manufacturing and marketing the machine developed by plaintiff and defendant Gunter, and corporate defendant has manufactured and sold and is presently manufacturing and selling many of the machines; Gunter is an officer and principal stockholder of corporate defendant; corporate defendant was fully informed of the contract between plaintiff and Gunter; Gunter and corporate defendant have realized large profits from the

sale and use of said machine; in September 1960 Gunter, without notice to plaintiff, applied to the U. S. Patent Office for a patent covering the machine which plaintiff and defendant developed; the Patent Office in October 1961 issued a patent to Gunter; in November 1961 Gunter, without the knowledge or consent of plaintiff, assigned the patent to corporate defendant.

Based on his allegations, plaintiff prayed for an accounting of the profits derived from sales of the machines and an adjudication that defendants hold a one-half interest in the patent in trust for the plaintiff.

Defendants admitted: Corporate defendant was created at the instance of Gunter, a majority stockholder therein, for the purpose of taking an assignment of any patent which might be issued to Gunter; a patent was issued and assigned as alleged by plaintiff. They alleged plaintiff was not entitled to any portion of the profits derived from the sale of the machines incorporating Gunter's idea, nor was plaintiff the owner of any right in the patent issued to Gunter and by him assigned to corporate defendant.

Defendants base their defense on these factual allegations: Plaintiff was in 1959 and prior thereto an employee of T. B. Woods Sons Co. (hereinafter Woods). Woods was engaged in making and selling card drives competitive with machines incorporating Gunter's idea. Because of this conflict of interest, plaintiff agreed he would leave Woods' employment. He agreed that he would keep confidential Gunter's idea as to how drives should be constructed. He did not leave Woods' employment; to the contrary, he remained with Woods and sought as Woods' employee to prevent the profitable marketing of machines incorporating Gunter's idea, and furnished Woods detailed information about Gunter's idea for the construction of a card drive machine. They alleged any contractual relationship existing between plaintiff and Gunter terminated late in 1959 or early 1960. They pleaded the 3-year statute of limitations in bar of any recovery.

A jury trial was waived. The parties stipulated that the card drive incorporating Gunter's idea was sold at a profit by Gunter and Cooke beginning with the 10-months period ending October 31, 1961, and that it continued to have profits from sales during the years 1962, 1963, 1964 and 1965.

At the conclusion of plaintiff's evidence defendants moved for judgment of nonsuit. Before ruling on the motion the court found as a fact "that the card drive was marketable and sold by Gunter and Cooke from January 1960 on, and that in May 1960 the defendant Josef K. Gunter breached the contract theretofore entered between

him and the plaintiff, . . ." Based on this finding the court concluded as a matter of law that plaintiff's cause of action was barred. Defendants' motion was allowed.

*Ervin, Horack, Snepp & McCartha and William E. Underwood, Jr., for plaintiff appellant.*

*Nye, Winders & Mitchell for defendants, appellees.*

RODMAN, E.J.  Plaintiff's sole exception and assignment of error is to the rendition of the judgment. He does not challenge the finding of fact that the contract was breached in May 1960. That finding is based on plaintiff's testimony that "he (Gunter) was forming Gunter and Cooke Company to sell these drives. This was not in keeping with our agreement made April 3, and so I saw that these drives would be beyond my control if he went out with Gunter and Cooke Corporation just to sell them."

Thereafter some machines were sold by defendants. Plaintiff and Gunter had a conference in Charlotte in May 1960 with respect to these sales. Plaintiff demanded an accounting of the proceeds derived from these sales. After a discussion of the differences between the parties, plaintiff "expressed to him (Gunter) my displeasure in his selling these drives, which wasn't in keeping with our original agreement, and also I asked him where I stood in the matter — that is, in the Gunter & Cooke thing I didn't want any part of. He said that there was not enough room for both of us in selling these card drives." Plaintiff then inquired what his position would be if he should terminate his employment with Woods. Whereupon Gunter replied: "There is still no room for you in the sale of these card drives."

When defendants asserted the statute of limitations as a defense, plaintiff had the burden of overcoming the plea. *Jewell v. Price,* 264 N.C. 459, 142 S.E. 2d 1; *Willetts v. Willetts,* 254 N.C. 136, 118 S.E. 2d 548; *Speas v. Ford,* 253 N.C. 770, 117 S.E. 2d 784.

Plaintiff's evidence established the fact that Gunter in January and May told plaintiff, in language which could not be misunderstood, that Gunter had disclaimed any obligation which plaintiff could assert based on the contract for the utilization of Gunter's idea for the cotton card drives. This disavowal started the statute of limitations to run. *Bennett v. Trust Co.,* 265 N.C. 148, 143 S.E. 2d 312; *Solon Lodge v. Ionic Free Lodge,* 245 N.C. 281, 95 S.E. 2d 921; *Sheppard v. Sykes,* 227 N.C. 606, 44 S.E. 2d 54; *Teachey v. Gurley,* 214 N.C. 288, 199 S.E. 83; *Booth v. Hayde,* 307 S.W. 2d 227.

More than three years elapsed after plaintiff was put on notice of Gunter's disavowal of any obligation to plaintiff and the institution of this action. The right to maintain the action is barred. G.S. 1-52.

We find nothing in the evidence to support plaintiff's contention that the applicable statute is 10 years, G.S. 1-56, because defendants are trustees of a constructive or resulting trust. The evidence does not establish any confidential relationship and reliance on that relationship by plaintiff. To the contrary, the evidence coming from his own lips is to the effect that he was during the entire period seeking to defeat a successful use of Gunter's idea.

The judgment is

Affirmed.

MOORE, J., not sitting.

PLESS, J., took no part in the consideration or decision of this case.