EMPLOYERS COMMERCIAL UNION COMPANY OF AMERICA (FOR-
MERLY COMMERCIAL UNION INSURANCE COMPANY OF NEW YORK) v.
WESTINGHOUSE ELECTRIC CORPORATION

No. 7226SC100

(Filed 2 August 1972)

1. **Limitation of Actions § 4— negligent repair — breach of warranty —
   applicable statute**

   An action to recover damages for the negligent repair of a furnace
   transformer and for breach of a warranty contained in the repair
   contract was governed by the three-year statute of limitations pro-
   vided by G.S. 1-52, not the six-year statute of limitations provided
   by G.S. 1-50(5) for actions to recover damages arising from a defec-
   tive improvement to real property, where the transformer had been
   removed and sent to defendant's plant for the repair work and was,
   therefore, not part of the realty at the time defendant repaired it.

2. **Limitation of Actions § 4— deficiencies in repair work — beginning of
   limitation period**

   The statute of limitations for an action to recover damages
   allegedly sustained because of deficiencies in repair work completed
   by defendant on a furnace transformer began to run at the time the
   transformer was delivered to the owner's agent, a railroad, not when
   the transformer was thereafter again repaired by defendant in com-
   pliance with a warranty of materials and workmanship in its contract
   to repair.

3. **Limitation of Actions § 4— deficiencies in repair work — beginning of
   limitation period**

   The statute of limitations for an action to recover damages
   allegedly sustained because of deficiencies in repair work on a furnace
   transformer began to run when the transformer was delivered to the
   owner's agent, a railroad, and not when the owner received it and had
   an opportunity to inspect it.

   Judge VAUGHN concurs in result.

APPEAL by plaintiff from a Judgment entered by *Friday,
Judge,* 23 July 1971, following a hearing at the 12 July 1971
Session of Superior Court held in MECKLENBURG County.

This action was instituted on 13 March 1970 by plaintiff,
an insurer of Great Lakes Carbon Corporation (Great Lakes),
to recover, through its subrogation rights, the sum of $143,-
504.61 in damages from defendant, Westinghouse Electric Cor-
poration (Westinghouse), because of its alleged breach of
warranty and negligent failure to repair properly a furnace
transformer for Great Lakes.

Commercial Union Co. v. Electric Corp.

Plaintiff alleged in pertinent part the following factual sequence:

On or about 11 November 1966, the furnace transformer located in Great Lakes' plant at Morganton, North Carolina, failed to operate and defendant was requested to perform the necessary repairs. The defendant undertook to perform the repairs and after about four months defendant returned the repaired transformer to Great Lakes, where it was reinstalled on or about 17 March 1967.

The repaired transformer completed its first run and, after approximately four hours into its second run, on or about 19 March 1967, the transformer failed, which caused Great Lakes to be substantially closed down for five months while defendant undertook repairs a second time.

The damages suffered by Great Lakes as a result of the transformer failure the second time were covered by its insurer (plaintiff) and are the basis for this action.

Defendant admitted that it repaired the transformer the first time at Great Lakes' request; that it performed the repair work in accordance with its agreement with Great Lakes; that it returned the repaired transformer to Great Lakes on 9 March 1967, F.O.B. Charlotte, North Carolina. Defendant further admitted that it repaired the transformer the second time under the "warranty clause" after the transformer had malfunctioned on 19 March 1967. The defendant denied the further material allegations of the complaint.

On 9 April 1971, defendant moved for summary judgment on the following grounds: (1) the action was barred by the statute of limitations; (2) the defendant had complied fully with all its obligations to Great Lakes; (3) damages were not recoverable from the defendant under the contract between it and Great Lakes; and (4) the defendant had been discharged and released from any claim of Great Lakes arising on the pleadings.

After hearing, Judge Friday considered the pleadings and affidavits, and entered Judgment granting the defendant's motion for summary judgment. Plaintiff appealed to this Court.

*Fairley, Hamrick, Monteith & Cobb, by S. Dean Hamrick, for plaintiff-appellant.*

*Carpenter, Golding, Crews & Meekins, by John G. Golding, for defendant-appellee.*

BROCK, Judge.

The plaintiff-appellant's sole assignment of error on this appeal is to the action of the trial court in granting the defendant's motion for summary judgment.

[1] The trial court did not state the reason for granting the defendant's motion under G.S. 1A-1, Rule 56; therefore, the parties have argued each of the grounds set out in defendant's motion. The first of these is that the action is barred by the statute of limitations. Defendant asserts that the three year limitation is applicable. Plaintiff-appellant contends that the factual situation of this case is controlled by the provisions of the six year statute of limitations contained in G.S. 1-50(5). Plaintiff resourcefully argues that the transformer in question was part of the realty and that this action is one to recover damages arising from a defective improvement to real property made by defendant.

We feel that it would serve no useful purpose to discuss the plaintiff's interpretation of the factual situation relating to the transformer and its contention that the transformer be considered "an improvement to real property" or part of the realty. It is sufficient to note that the transformer was not part of the realty at any time Westinghouse was repairing it. The evidence shows that Great Lakes severed and removed it from its plant, and sent it to defendant's plant in Charlotte by railroad flatcar for repair. We think G.S. 1-50(5) clearly was not enacted to cover situations as at issue here, and that the six year limitation is not applicable in this case.

The theories upon which plaintiff seeks to recover damages are negligent failure to repair and breach of warranty of material and workmanship in the repair contract. Thus, the period prescribed for the commencement of this action, whether regarded as arising out of contract or of tort, is three years. G.S. 1-52; *Motor Lines v. General Motors Corp.,* 258 N.C. 323, 128 S.E. 2d 413.

Commercial Union Co. v. Electric Corp.

In this case the defendant properly pled the statute of limitations; therefore, the burden was upon plaintiff to show that its action was begun within the time permitted by statute. *Jewell v. Price,* 264 N.C. 459, 142 S.E. 2d 1.

Plaintiff instituted this action on 13 March 1970, and it contends that its cause of action, through subrogation, did not accrue until on or after 13 March 1967. Plaintiff contends that this action comes within the authority of *Styron v. Supply Company,* 6 N.C. App. 675, 171 S.E. 2d 41, and authorities cited therein.

In the *Styron* case, a cooling system; in *Heath v. Furnace Co.,* 200 N.C. 377, 156 S.E. 920, a furnace; and in *Nowell v. Tea Co.,* 250 N.C. 575, 108 S.E. 2d 889, a building, were guaranteed by the manufacturer or contractor to perform to certain standards, were constructed, furnished and installed by the defendants in those cases and put into operation by the defendants, and the defendants kept working on them and attempting to make them operate according to the prescribed standard. In the above cases, the defendants' work was not completed.

[2] In the present case plaintiff is not bringing suit for a failure on defendant's part to complete the work contracted for and undertaken, but for damages alleged to have been suffered because of deficiencies in repair work completed in March 1967. Westinghouse completed its work under the contract of repair and placed the repaired transformer on a railway flatcar, F.O.B. Charlotte, on 9 March 1967. At this time the originally contracted repair work was completed, and the transformer was no longer in the control of defendant, but in the hands of Great Lakes' agent (railroad). Therefore, the defendant had relinquished control over the transformer more than three years before the date of the institution of this lawsuit.

In this case the transformer was sent back to the Westinghouse plant after its failure on 19 March 1967, at which time defendant completely reworked the transformer in compliance with the warranty of material and workmanship in its contract to repair. This activity was not a continuation of negligent and unsuccessful efforts to repair the transformer. There was no allegation or suggestion of negligence or breach of warranty in the second effort to repair. The damages complained of by

plaintiff were alleged to have been caused by reason of negligence or breach of warranty occurring during the repair work performed while the transformer was in possession of defendant on the first occasion. This possession ended when defendant delivered the transformer to Great Lakes, F.O.B. Charlotte, on 9 March 1967.

[3] The plaintiff-appellant further contends that the statute of limitations began to run, not at the time of completion and delivery of the repaired transformer to Great Lakes, but at a later time, 13 March 1967, when Great Lakes received it and had an opportunity to inspect it. We do not agree.

The courts of this State have consistently held that the statute of limitations for claims for injury or damage from a defective product begins to run from the date of the sale and delivery of the product (not the date of the ultimate failure of the product or the injury). *Bradley v. Motors, Inc.,* 12 N.C. App. 685, 184 S.E. 2d 397; *Jarrell v. Samsonite Corp.,* 12 N.C. App. 673, 184 S.E. 2d 376; *State v. Aircraft Corp.,* 9 N.C. App. 557, 176 S.E. 2d 796; *Motor Lines v. General Motors Corp., supra.* G.S. 1-15(b) was enacted after this cause of action arose and it has no application to this case.

The summary judgment for defendant on the ground that plaintiff's action was not commenced within three years from the date its cause of action accrued is

Affirmed.

Judge HEDRICK concurs.

Judge VAUGHN concurs in result.