BELDON N. LITTLE v. JAMES D. ROSE AND RICHARD (DICK) O'NEAL

No. 742SC69

(Filed 5 June 1974)

1. **Limitation of Actions § 18— three year period of limitation — time action commenced — sufficiency of evidence**

In an action commenced on 16 February 1970 to recover for damages to a mobile truck crane allegedly caused by defendants, facts pleaded by plaintiff, among them that the crane was purchased on 26 January 1967 and that the damage was sustained between March 1967 and September 1967, were sufficient to establish that the commencement of the action took place within the three year period as required by G.S. 1-52(1).

2. **Partnership § 6— two defendants — failure to submit issue of partnership — no error**

The trial court did not err in refusing to submit to the jury issues as to whether defendants were engaged in a partnership at the time the cause of action accrued where plaintiff presented evidence that both defendants dealt with him, both participated in the closing and sale of the crane, and both shared the responsibility for the crane while it was in their possession awaiting plaintiff's return to pick it up, since that evidence was sufficient to make a claim for damages against the defendants individually.

Little v. Rose

3. Damages §§ 4, 13— loss of use of business vehicle — measure of damages

    Ordinarily, the measure of damages for loss of use of a business vehicle is not the profits which the owner would have earned from its use during the time he was deprived of it, but it is the cost of renting a similar vehicle during a reasonable period for repairs; therefore, in an action to recover damages for loss of use of a crane allegedly damaged while in defendants' possession, the trial court did not err in allowing into evidence testimony by plaintiff as to costs incurred by him on two occasions in renting other cranes to meet his contractual obligations.

    Judge BALEY dissenting.

APPEAL by defendant from *Fountain, Judge,* 6 August 1973 Session of Superior Court held in BEAUFORT County. Argued in the Court of Appeals 10 April 1974.

This action was instituted by the plaintiff on 16 February 1970, seeking to recover for physical damages to a mobile truck crane sold to plaintiff by the defendants on 26 January 1967, and damages for loss of use of the crane.

Defendant O'Neal denied the allegations of the complaint, particularly the allegation of the existence of a partnership between defendant O'Neal and defendant Rose.

Judgment by default and inquiry was entered by the Clerk of the Superior Court of Beaufort County on 7 February 1973 against defendant Rose.

The jury returned a verdict in favor of the plaintiff in the amount of $7,900.00. Defendant O'Neal appealed from the judgment as to him.

*LeRoy Scott for plaintiff-appellee.*

*Wilkinson, Vosburgh & Thompson, by James R. Vosburgh, for defendant-appellant.*

BROCK, Chief Judge.

Defendant contends the trial court committed error in failing to rule as a matter of law that the Statute of Limitations was a bar to recovery in that more than three years had passed since the accrual of the cause of action as alleged in the complaint.

Plaintiff alleged in his complaint that on 26 January 1967 plaintiff purchased a mobile truck crane from the defendants;

that as a condition of the purchase, plaintiff and defendants agreed the crane could be left in defendants' possession for a period not to exceed one year; that the crane would be in good mechanical condition when plaintiff returned to pick up the crane; that between March 1967 and September 1967, defendants used the crane and damaged it; and that in September 1967, when plaintiff called for the crane, plaintiff discovered $2,000.00 in physical damage done to the crane in the interim of possession by defendants.

Defendant filed a motion for judgment on the pleadings, stating that the cause of action accrued on 26 January 1967, and the action was not commenced until 16 February 1970, more than three years later. The trial court denied the motion.

> "A party who moves for judgment on the pleadings thereby admits, for the purpose of the determination of such motion: (1) the truth of all well-pleaded facts in the pleading of his adversary, together with all fair inferences to be drawn from such facts; and (2) the untruth of his own allegations controverted by the pleading of his adversary. (Citations omitted.) . . . .
>
> "In determining the motion the court looks only to the pleadings. It hears no evidence, makes no findings of fact and does not take into account other statements of fact in briefs of the parties, or in testimony or allegations by them in a different proceeding. It is limited to the facts properly pleaded in the pleadings before it, inferences reasonably to be drawn from such facts and matters of which the court may take judicial notice. (Citations omitted)." *Wilson v. Development Company*, 276 N.C. 198, 171 S.E. 2d 873.

[1]  Plaintiff has pleaded facts sufficient to establish that the commencement of this action took place within the three year period as required by G.S. 1-52(1). Defendant's motion was properly denied. This assignment of error is overruled.

[2]  Defendant contends the trial court committed error in refusing to submit issues to the jury tendered by defendant which put in issue the question of whether or not the defendant O'Neal and defendant Rose were engaged in a partnership at the time the alleged cause of action accrued.

The evidence tends to show that plaintiff dealt with both defendants whether they were engaged in a partnership or not.

Plaintiff contacted O'Neal, went to Rose's place of business where the crane was located, tested the crane under Rose's acquiescence, and received assurances from both defendants that the crane was in good condition. Payment was made to O'Neal who turned to Rose, and requested Rose to give plaintiff a receipt.

Although plaintiff alleged a partnership in the complaint, it was not necessary that the issue be submitted to the jury. Summons was served upon each defendant individually. Plaintiff's evidence tended to show joint actions on the part of both defendants and a sharing of the responsibility for damage to the crane.

It was not crucial to plaintiff's action to establish a partnership. Plaintiff need only adduce evidence sufficient to show that both defendants dealt with him, that both participated in the closing and sale of the crane, and that both shared the responsibility for the crane while it was in the hands of defendants until plaintiff could return to pick it up. Such evidence is sufficient to make a claim for damages against the defendants individually. This assignment of error is overruled.

Defendant argues the trial court committed error in allowing plaintiff's evidence as to loss of use when plaintiff failed to lay a proper foundation for the introduction of such evidence. Defendant also argues that plaintiff has failed to meet the burden of proof in establishing evidence sufficient to permit recovery.

Plaintiff's evidence tended to show that upon discovery of the damage to the crane, he immediately telephoned defendant Rose, and received assurances from Rose that the crane would be repaired. Defendant O'Neal also assured plaintiff that the crane would be repaired.

Plaintiff was forced to rent a truck crane in order to meet a contractual obligation on 1 October 1967 in Rocky Mount, North Carolina. Plaintiff had estimated and anticipated a net profit of $1,400.00 on the Rocky Mount contract by using the crane purchased from defendants. The truck crane rental was between $1,400.00 and $1,500.00.

Due to the unavailability of his crane in July, 1968, plaintiff was compelled to rent a crane for $4,500.00 in order to meet an oral contract. Plaintiff's testimony indicated he received no

profit, but did not allege that he suffered a loss other than the rental cost of the substitute crane.

Defendant's contention is bottomed upon the grounds that plaintiff failed to take affirmative action in order to mitigate any damages incurred by him by loss of use of the crane. This contention is without merit. On two separate occasions under two separate contracts in two consecutive years, plaintiff was compelled to rent substitute cranes in order to meet contract deadlines when it became evident to plaintiff that his personal crane would not be available and suitable for use.

[3] "Ordinarily the measure of damages for loss of use of a business vehicle is not the profits which the owner would have earned from its use during the time he was deprived of it; it is the cost of renting a similar vehicle during a reasonable period for repairs. (Citations omitted) . . . . If a plaintiff could have rented a substitute vehicle, the cost of hiring it during the time reasonably necessary to acquire a new one or to repair the old one is the measure of his damage even though no other vehicle was rented. The burden is on the plaintiff to establish the cost of such hire. (Citation omitted)." *Roberts v. Freight Carriers,* 273 N.C. 600, 160 S.E. 2d 712.

Under the first contract, plaintiff's cost of hiring a substitute crane was between $1,400.00 and $1,500.00. Under the second contract, plaintiff's substitution cost was $4,500.00. Plaintiff has pleaded and demonstrated a measure of $5,900.00 in loss of use damages, evidenced by expenditures to minimize damages in the amount of $5,900.00 to $6,000.00. Plaintiff's pleadings are not based upon a loss of profits, but rather upon loss of use damages which may be measured by the cost of renting a similar replacement vehicle. This assignment of error is overruled.

Defendant also contends the trial court committed error in failing to allow defendant's post trial motions to set aside the verdict for errors of law and as being contrary to the greater weight of the evidence, and in failing to grant a remittitur in damages on the grounds that the amount of damages as awarded was based upon grounds too remote and too speculative for any award. These motions were addressed to the sound discretion of the trial judge. No abuse of discretion has been shown. This assignment of error is overruled.

No error.

Little v. Rose

Judge PARKER concurs.

Judge BALEY dissents.

Judge BALEY dissenting.

I am concerned about the issue of damages and the application of the three-year statute of limitations to plaintiff's cause of action.

As a part of the contract of sale defendants agreed to retain possession of the crane on their premises until plaintiff was ready to use it. In March 1967 plaintiff discovered that the crane was damaged and left it with defendants for repair. It was still in the possession of defendants and had not been repaired at the time of the trial in August of 1973 over six years later.

Plaintiff was permitted to recover $2,000.00 for the damage to the crane. He was also permitted to recover for loss of use, such loss being demonstrated by rental of another crane in October 1967 for $1,400.00, and in July 1968 for $4,500.00, and presumably this loss of use had continued to the time of trial. It is my view that plaintiff had a duty to mitigate his damages, *Construction Co. v. Crain and Denbo, Inc.*, 256 N.C. 110, 123 S.E. 2d 590; *Troitino v. Goodman*, 225 N.C. 406, 35 S.E. 2d 277; *Chesson v. Container Co.*, 215 N.C. 112, 1 S.E. 2d 357, and that such mitigation involved more than arranging to rent a substitute crane at heavy expense over an indeterminate period. He had an obligation to see that the crane was promptly repaired, and, if defendants were not making such repairs, it should have been removed from their premises and repaired by someone else. *See Valencia v. Shell Oil Co.*, 23 Cal. 2d 840, 844, 147 P. 2d 558, 560 (1944); *Rogers v. Nelson*, 97 N.H. 72, 75, 80 A. 2d 391, 393 (1951); *Holmes v. Raffo*, 60 Wash. 2d 421, 430, 374 P. 2d 536, 541 (1962) (en banc); Dobbs, Remedies, § 5.11, at 385. The failure to make such duty clear to the jury is error.

In addition, there is no clear evidence of the time the damage to the crane occurred. Plaintiff purchased it on 26 January 1967 and saw it in good condition about a week or ten days later. This would have been between February 2 and February 5. About one month later, March 2 or March 5, he saw the crane in damaged condition. This action was instituted on 16

February 1970. Defendant pleaded the three-year statute of limitations. Plaintiff has the burden of proving his action was brought within the statutory period. *Parsons v. Gunter*, 266 N.C. 731, 147 S.E. 2d 162; *Bennett v. Trust Co.*, 265 N.C. 148, 143 S.E. 2d 312; *Commercial Union Co. v. Electric Corp.*, 15 N.C. App. 406, 190 S.E. 2d 364. His evidence shows only that the breach occurred sometime between February 2 and March 5. Whether it occurred before or after February 16 is purely a matter of speculation.

It is my conviction that defendants are entitled to a new trial.